## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| **Renee Donfris,** | ) | Case No. 20-17275 |
| | ) | |
| Debtor. | ) | Honorable LaShonda A. Hunt |
| | ) | Joliet |

## NOTICE OF MOTION

To:  Attached service list

**PLEASE TAKE NOTICE** that on December 11, 2020, at 10:45 a.m. I will appear before the Honorable LaShonda A. Hunt, or any judge sitting in that judge's place, and present the motion of Edward and Lillian page to Dismiss the above-captioned bankruptcy and bar the debtor from refiling (the "Motion"), a copy of which is attached.

**This motion will be presented and heard electronically using AT&T Teleconference.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must call this toll-free number: 888-557-8511. Then enter access code 7490911 followed by the pound (#) sign.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated: November 12, 2020                                         Edward and Lillian Page

                                                                 By: /s/ Justin R. Storer
                                                                 One of their attorneys

Justin R. Storer (ARDC #6293889)
BAUCH & MICHAELS, LLC
53 W. Jackson Blvd., Suite 1115
Chicago, IL 60604
Tel: (312) 588-5000
jstorer@bmlawllc.com

## **CERTIFICATE OF SERVICE**

I, Justin R. Storer, certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on November 12, 2020, no later than 5:00 p.m.

/s/ Justin R. Storer

## **SERVICE LIST**

***Via CM/ECF:***

Patrick S. Layng, United States Trustee
Glenn B. Stearns, standing trustee
Mazyar M. Hedayat, debtor's counsel

***Via first-class mail***

Renee Donfris
10509 Oconnell Ave.
Mokena, IL 60448-1775

### UNITED STATES BANKRUPTCY COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | Chapter 13 |
| | ) | |
| **Renee Donfris** | ) | Case No. 20-17275 |
| | ) | |
| Debtor. | ) | Honorable LaShonda A. Hunt |
| | ) | Joliet |

## MOTION TO DISMISS AND BAR DEBTOR FROM REFILING

Now come Edward Page and Lillian Page, by and through their counsel, and now moving to dismiss the above-captioned case, and bar the debtor from refiling, state as follows:

### I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and venue is proper pursuant to 28 U.S.C. § 1408.

2.    By Internal Operating Procedure 15 of the United States District Court for the Northern District of Illinois, the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination, as permitted by 28 U.S.C. § 157(a).

3.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

### II.    FACTUAL AND PROCEDURAL BACKGROUND

4.    The movants, Edward and Lillian Page, are the Debtor's parents. At the petition date, they were the Plaintiffs, and the Debtor was the Defendant, in *Page v. Donfris*, case 19-24289-CH in the State of Michigan, Circuit Court for the County of Delta.

5.    The Pages' complaint against Renee Donfris incorporated several components, but in brief:

-    They demanded judgment against Ms. Donfris owing to the fact that they had transferred $50,000.00 to her, for her to use for their care and well-being, to help them

manage their money, and alleged that she had squandered the largest part of that money for her own benefit (ultimately, even, using $10,000.00 of that $50,000.00 <u>to pay a law firm's retainer in her parents' suit against her</u>, as she admitted at the 341 meeting),

- They demanded she quitclaim her interest in their home back to them, such interest being conveyed to her by a false or erroneous quitclaim deed, and

- They demanded the return of ownership of certain life insurance policies. (See attached Exhibit A, the complaint in that matter; regarding the erroneous quitclaim deed, two copies of that deed are at pages 34 and 35 of exhibit A; Renee Donfris was never Trustee of the Page family Trust, and she caused that document to be prepared.)

6. On or about December 13, 2019, the Debtor answered the complaint. (See attached Exhibit B.)

7. Following mediation, and on the eve of trial, the Debtor filed a petition for relief under chapter 13 on September 18, 2020, commencing the above-captioned case.

8. At her section 341 meeting of creditors, on November 12, 2020, the Debtor appeared and was examined, and testified, *inter alia*, that her sole, exclusive, motivation in filing this bankruptcy case was to transfer the *Page v. Donfris* litigation into the Bankruptcy Court for the Northern District of Illinois.

9. The Debtor's schedules and other bankruptcy papers bear many falsehoods relating to the circumstances at issue, which falsehoods were belied by her testimony at the 341 meeting:

- At the 341 meeting she was able to estimate the Page's claim against her at $35,700.00, despite having scheduled the claim as "unknown" on her sworn schedules, and providing for no payment to be made on this claim in her Chapter 13 Plan ($35,700.00 would be a fair estimation, though ultimately insufficient, of the Pages' claim with respect

to the $50,000.00 that they'd transferred to her, discussed above; though it fails to account for the ownership interest in the real estate or the life insurance policies);

- Her statement of financial affairs failed to disclose the $10,000.00 payment to Upper Michigan Law, despite the fact that an unverified ledger Donfris had prepared lists this payment being made within one year (precisely one year, in fact) before the petition date in this case (see attached Exhibit C, the ledger that Donfris had prepared);

- The Debtor failed to disclose the life insurance policies that her parents had transferred to her, despite being able to speak knowledgably about them at her 341 meeting, and despite her answer reciting that "Defendant admits that she has ownership of life insurnace policies regarding the plaintiffs." (Exhibit B, at paragraph 10.)

### III.    REQUESTED RELIEF

10. Edward and Lillian Page request that this Court dismiss this case, as it was filed in bad faith. The Debtor's prepetition conduct and the falsehoods in her schedules, moreover, suggest that dismissal with a 180-day bar to refiling would be appropriate, to prevent further dilatory and abusive conduct.

### IV.    BASIS FOR REQUESTED RELIEF

11. Under Section 1307(c) of the bankruptcy code, on request of a party in interest, the Court may dismiss a chapter 13, for cause.

12. The lack of good faith in filing a petition is sufficient cause for dismissal of the bankruptcy case. *Matter of Love*, 957 F.2d 1350, 1354 (7th Cir. 1992). When examining good faith, the appropriate standard to look to is the totality of the circumstances. *Id*. at 1355.

13. The good faith inquiry is both subjective and objective. Both objective evidence of a fundamentally unfair result, and subjective evidence that the Debtor filed a petition for a

fundamentally unfair purpose that was not in line with the spirit of the Bankruptcy Code, are relevant to a good faith inquiry. *Id*. at 1357.

14. The Seventh Circuit, in *Love*, continues, saying "the following nonexhaustive list exemplifies some of the factors that are relevant when determining if a Chapter 13 petition was filed in good faith: the nature of the debt, including the question of whether the debt would be nondischargeable in a Chapter 7 proceeding; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors. *Id*. at 1357.

15. Every one of these factors suggest that this case should be dismissed.

- The debt that the debtor owes arose out of constellation of efforts to unjustly acquire her parents' property and an ongoing refusal to return this property to them, or to repay the money she squandered, or to pay them the value of their property.

- The circumstances suggest that the debt would likely be nondischargeable under 11 U.S.C. 523(a)(2) (including false pretenses, false representation, actual fraud, and use of a false statement in writing respecting the debtor's financial condition, on which ther parents reasonably relied, and which the debtor caused or made to be published with intent to deceive, the false statement in writing being the deed), 11 U.S.C 523(a)(4) (for fraud or defalcation while acting in a fiduciary capacity), 11 U.S.C. 523(a)(6) (for willful or malicious injury by the debtor to another entity or to the property of another entity). Furthermore, the Debtor has knowingly and fraudulently presented a bundle of false oaths to the bankruptcy court in her schedules and related documents, sufficient to deny her discharge *in toto* under 11 U.S.C 727(a)(4) (*see In re Kempff*, 847 F.3d 444 (7th Cir. 2017)..

4

- The Debtor's bankruptcy petition was filed on the eve of trial in the State of Michigan. The Debtor testified outright that the bankruptcy petition was an effort at forum shopping.

- The Debtor's bankruptcy petition caused great harm to her elderly parents, further delaying their opportunity for justice and causing them to expend funds to litigate this matter, now, in the Northern District of Illinois, a district where none of the transactions at issue occurred, a district where they do not live, a district that does not contain the home she had caused them to transfer her.

- The Debtor's treatment of her parents, prepetition, was scandalous and inexcusable, for the reasons enumerated above.

- Finally, the Debtor was not forthcoming on her bankruptcy schedules, statement of financial affairs, and plan.

16. Despite not providing for any payment to her parents in her plan presently on file (indeed, only providing a 100% dividend to an estimated $7,077.57 in general unsecured claims), the Debtor testified that the purpose of this case was to frustrate their collection efforts. Bankruptcy relief is limited to the honest but unfortunate debtor; it is not intended to allow the opportunity to slip away from a single, disfavored creditor. *In re Collins*, 250 B.R. 645 (Bankr. N.D.Ill. 2000).

17. Furthermore, section 349(a) of the Bankruptcy Code authorizes bankruptcy courts to bar a debtor from refiling for cause, and section 105(a) authorizes courts to issue any order that is necessary or appropriate to carry out the provisions of the Bankruptcy Code, or to prevent an abuse of process. *In re Lofton*, 19-B-23126 (Bankr.N.D.Ill., Cassling, J., Dec. 23, 2019.). An order dismissing a case with prejudice may preclude the debtor from filing a subsequent petition related to those debts. *Id*. Dismissal with prejudice is viewed as an appropriate response to a debtor's

egregious misconduct, contumacious actions, or abuse of the bankruptcy process. *Id*, *citing In re Hall*, 258 B.R. 908, 911 (Bankr. N.D. Ind. 2001), *aff'd* 304 F.3d 743 (7th Cir. 2002).

18. The Debtor's conduct, for the reasons described above, has been egregious and abusive. To ensure that her elderly parents are able to see resolution to the Michigan litigation, a 180-day bar to any future bankruptcy filings is appropriate.

19. Such a bar would be no hardship to the Debtor: But for her parents' claim against her she would have no need to seek bankruptcy relief. She testified as much, and, as discussed above, her schedules only reflect $7,077.57 in other debt. In the meantime, her marital home is paid in full and her schedules reflect ownership of approximately $400,000.00 in retirement accounts. Finally, suggesting that she has no need for relief from creditors, the debtor, in her bankruptcy case, has asserted no exemptions whatsoever.

## V. NOTICE

20. Notice of this Motion has been provided to the Debtor, her counsel, the Office of the United States Trustee, the Standing Trustee, and all parties who have requested or receive notice through CM/ECF. In light of the nature of the relief requested, the undersigned requests that this Court find the notice sufficient under the circumstances and waive with any further notice requirements.

**WHEREFORE**, Justin R. Storer respectfully requests that the Court enter an order dismissing the above-captioned case and holding that the Debtor may not file another bankruptcy petition for 180 days.

Date:  November 12, 2020                    **Justin R. Storer**

                                            By:   /s/ Justin R. Storer

Justin R. Storer (ARDC # 6293889)
Bauch & Michaels, LLC
53 W. Jackson Blvd., Suite 1115
Chicago, IL 60604
312.662.5757
jstorer@bmlawllc.com

7