# STATE OF MICHIGAN
## *IN THE 47ᵗʰ JUDICIAL CIRCUIT COURT FOR DELTA COUNTY*

EDWARD J. PAGE and
LILLIAN J. PAGE, Husband and Wife,

        Plaintiffs,

vs.

    File No. 19-*24289*-CH

    Hon. John B. Economopoulos

RENEE DONFRIS,

        Defendant.

---

Robert E. LeMire, Jr. (P16548)
Attorney for Plaintiffs
LeMIRE LAW OFFICE
1100 Ludington Street, Suite 301
P.O. Box 505
Escanaba, Michigan 49829
(906) 786-1393

---

## COMPLAINT TO QUIET TITLE TO REAL ESTATE FOLLOWING TERMINATION OF TRUST AND FOR AN ACCOUNTING AND DAMAGES

NOW COME the Plaintiffs, Edward J. Page and Lillian J. Page, by and through their attorney, Robert LeMire, and for their complaint against Defendant, say as follows:

1.    Plaintiffs are husband and wife residents of Delta County, Michigan, and have so resided at all times relevant to the claims asserted herein. Plaintiffs are respectively referred to herein as "Plaintiff Edward" and "Plaintiff Lillian".

2.    Defendant, Renee Donfris, is the adult daughter of Plaintiff Edward, is a resident of the State of Illinois, and has so resided at all times relevant hereto.

3.    This cause concerns issues related to the termination of the Page Family Trust created under an original trust document dated September 2, 1997, as last restated in a trust document signed by Plaintiffs as Settlors and Trustees on January 16, 2018, with an additional amendment to trust Articles 5 and 6 signed by Plaintiffs on April 6, 2018. Said trust was created pursuant to Michigan law and was situated in Delta County, Michigan. A copy of the last restated trust document and amendment is attached hereto and is incorporated herein by reference as Exhibit "A".

4.    The Plaintiffs herein were the trust settlors and the trustees throughout the term of the trust until its termination on May 31, 2019.

- 1 -

5.      The Plaintiffs terminated their trust on May 31, 2019, by a written document entitled "Revocation of Page Family Trust". A copy of said revocation is attached hereto and is incorporated herein by reference as Exhibit ""B".

6.      On January 27, 2003, Plaintiffs conveyed their home and real estate to the trust by deed recorded in Liber 690 at Page 750, Delta County Records. A copy of said deed is attached hereto and is incorporated herein by reference as Exhibit "C".

7.      The subject real estate is situated in Wells Township, Delta County, Michigan, and is more particularly described as the Southeast Quarter of the Southwest Quarter (SE ¼ of SW ¼), except the South 880 feet thereof, all in Section 3, Township 39 North, Range 23 West. The Property Number of said parcel is 21-14-053-024-10.

8.      Upon termination of said trust, the Plaintiffs, as trustees, re-conveyed the subject real estate to themselves, as tenants by the entirety. The deed of conveyance appears in Liber 1244 at Pages 681-682, Delta County Records. A copy of said deed is attached hereto and is incorporated herein by reference as Exhibit "D".

9.      During the course of the existence of said trust, the Plaintiffs from time to time turned to Renee Donfris for assistance in various legal matters, believing that as Plaintiff Edward's daughter, Defendant would cooperate with them and provide such aid and assistance as Plaintiffs requested. Such aid and assistance included, but was not limited to, the following:

a.  Management of Plaintiff Lillian's paid up life insurance policy with Time Insurance;

b.  Management of Plaintiff Edward's $100,000.00 term life insurance policy with Massachusetts Mutual; and

c.  Securing a veteran's guaranteed mortgage on the trust real estate.

10.     In the process of obtaining Defendant's assistance with their insurance policies, Plaintiffs conveyed ownership of said policies to Defendant, not understanding the full import of said transfer. Plaintiffs have paid the premiums thereon and have attempted to obtain information regarding the status of their life insurance policies but have been denied such information because they are not the owners thereof.

11.     The veteran's guaranteed mortgage loan totaled $50,000.00. The loan proceeds were received and retained by Defendant. Plaintiffs make the monthly mortgage payment in the amount of $948.00.

12.     The mortgage transaction was handled by RR Michigan LLC, of 1250 Kirts Blvd., Suite 100, Troy, Michigan 48084, and Title Source, Inc., of 662 Woodward Ave., Detroit, Michigan 48226. Plaintiffs relied upon Defendant to make the loan arrangements, and they signed all necessary documents that were sent to them at their residence in Delta County, Michigan.

13.     One of the documents Plaintiffs signed was a Quit-Claim Deed prepared by RR Michigan LLC which purported to convey title from Plaintiffs and Defendant, as Trustees of the Page Family Trust, to Plaintiffs and Defendant, as Trustees of the Page Family Trust. A copy of said deed is attached

hereto and is incorporated herein by reference as Exhibit "E". The purpose of said deed is unknown.

14.    Although Defendant was never designated or appointed as a trustee of the Page Family Trust, the one clear result of said deed is that no interest was conveyed to her in her individual capacity. If Defendant has any interest in said real estate, it is in a fiduciary capacity as a trustee.

15.    Plaintiffs' attorney has prepared a Quit-Claim Deed for Defendant's signature for the purpose of removing Defendant's claimed interest as a cloud on Plaintiffs' real estate title. The Defendant has failed and refused to sign said deed and, on information and belief, she claims a personal interest in said real estate title.

16.    With respect to the ownership of Plaintiffs' life insurance policies, the Plaintiffs have requested that Defendant transfer ownership back to them. Defendant has failed and refused to do so.

17.    With respect to the mortgage loan proceeds of $50,000.00, Plaintiffs have demanded from Defendant the balance of loan proceeds on hand, together with an accounting for all loan proceeds previously disbursed or expended. Defendant has failed and refused to do so.

18.    Ownership of the life insurance policies and possession of the mortgage loan proceeds were not gifted to Defendant for her personal use and benefit, nor did Defendant pay any consideration for these assets. Plaintiffs mistakenly understood and believed that Defendant was acting on their behalf, was rendering gratuitous assistance to Plaintiffs, and would comply with Plaintiffs' directives and demands.

19.    Defendant has no personal, enforceable claim to the subject real estate, no right to retain ownership of the insurance policies, and no right to the loan proceeds.

20.    Plaintiffs attempted to obtain Defendant's cooperation through direct contact with her, but to no avail. Plaintiffs retained counsel to assist them to retrieving their assets from Defendant. To that end, Plaintiffs' attorney addressed three letters to Defendant on May 10, 2019, June 14, 2019, and July 23, 2019, copies of which, together with enclosures referred to therein, are attached hereto and are incorporated herein by reference as Exhibits "F", "G", and "H", respectively.

21.    To the date of this complaint, Defendant has failed and refused to respond to Plaintiffs and their attorney as requested and directed.

22.    The subject matter of this litigation is within the equitable jurisdiction of this court.

23.    Defendant's failure and refusal to comply with Plaintiffs' lawful requests have caused Plaintiffs to incur legal fees and costs. Defendant's refusal to comply as requested is unreasonable and without basis in law or equity. Plaintiffs are entitled to recover their legal fees and costs.

24.    To the extent that  Defendant raises unfounded or frivolous defenses or claims in this action, Plaintiffs are entitled to sanctions, including reasonable attorney fees, pursuant to MCR 2.114(E)&(F), MCR 2.625(A)(2), and MCL 600.2591.

WHEREFORE, Plaintiffs requests the following relief:

(1)    That Defendant be ordered to immediately execute and tender to Plaintiff a Quit-Claim

- 3 -

Deed to remove Defendant's apparent interest in the subject real estate as a cloud on Plaintiffs' title, or in the alternative, that an order quieting Plaintiffs' title to the subject real estate be granted.

(2)     That Defendant be ordered to immediately transfer to Plaintiffs the ownership of their respective life insurance policies.

(3)     That Defendant be ordered to immediately tender to Plaintiffs the balance of the mortgage loan proceeds in her possession or under her control.

(4)     That Defendant be directed to immediately account for all disbursements or expenditures she has made from the mortgage loan proceeds.

(5)     That Judgment be granted in favor of Plaintiffs against Defendant in the amount of all disbursements and expenditures made by Defendant from the mortgage loan proceeds which were not made for the necessary benefit of Plaintiffs.

(6)     That Plaintiffs be awarded sanctions against Defendant, including reasonable attorney fees and costs.

(7)     That Plaintiffs be awarded their reasonable attorney fees and costs as a matter of equity.

(8)     That Plaintiffs be granted such other and further relief as shall be just and equitable.

Date:    August 27, 2019

Robert E. LeMire, Jr.
Attorney for Plaintiffs

## PAGE FAMILY TRUST

## A REVOCABLE TRUST AGREEMENT

**THIS AGREEMENT** *originally* made the 2nd day of September, 1997, *restated* on the 1st day of May, 1999, *restated* on the 1st day of February, 2002, *restated* on the 14th day of December, 2006, *restated* on the 1st day of December, 2009, *restated* on the 21st day of February, 2011, *restated* on the 18th day of June, 2013, *restated* on the 1st day of December, 2015, *restated* on August 1, 2016, and *fully restated* on the 1st day of January, 2018, by and between EDWARD J. PAGE and LILLIAN J. PAGE (hereinafter collectively referred to as "Settlor" or "Settlors"), of 6969 L.5 Lane Escanaba, MI 49829, EDWARD J. PAGE and LILLIAN J. PAGE (hereinafter referred to as "Trustees"), TIMOTHY FLEURY (hereinafter referred to as "First Successor Trustee"), and ALAN LOBSINGER (hereinafter referred to as "Second Successor Trustee").

*This Trust shall replace the original Trust dated September 2, 1997, so that the provisions of the September 2, 1997, Trust are no longer effective, provided, however, the original date of September 2, 1997, shall continue to be the effective date of this restated Trust.*

EDWARD J. PAGE and LILLIAN J. PAGE are married at the time of execution of this Trust. EDWARD J. PAGE has the following child from a previous marriage: RENEE DONFRIS. LILLIAN J. PAGE has the following child from a previous marriage: KAREN FLEURY.

## WITNESSETH

In consideration of the acceptance by Trustee of the trust hereby created, Settlors have paid over, assigned, granted, conveyed, transferred and delivered unto the Trustees the property described on Schedule A annexed hereto and made a part hereof, and have caused or will cause Trustees to be designated as beneficiary of other assets such as life insurance or IRAs. The assets listed on Schedule A and any other assets held in or payable to this Trust shall be referred to herein as the "Trust Estate."

## ARTICLE 1
### DESIGNATION OF TRUST,
### BENEFICIARIES, TRUSTEES, TAX MATTERS AND OBJECTIVES

**1.1 Designation and Tax Matters:** This trust shall be known as PAGE FAMILY TRUST, and it shall be sufficient that it be referred to as such in any transfer document. The Federal Taxpayer Identification Number of the trust is xxx-xx-3329. During the lifetimes of Settlors, a Form 1041, used for certain irrevocable trusts, is not generally filed with the Internal

Revenue Service. Instead, any income earned from assets in the Trust shall be reported on the Form 1040 of Settlors.

**1.2  *Designation of Beneficiaries:***  The Primary Beneficiaries of this Trust shall be EDWARD J. PAGE and LILLIAN J. PAGE, husband and wife.

The Secondary Beneficiaries of this Trust shall be their Children and Grandchildren, born or adopted before or after the effective date of this Trust. Their children at this time include: RENEE DONFRIS and KAREN FLEURY. The term "Child" or "Grandchild" shall only include natural children by birth or adoption.

**1.3  *Designation of Trustees:***  The Trustees shall be EDWARD J. PAGE and LILLIAN J. PAGE. Upon the death of Trustees, or if they shall be unable or unwilling to act, then the First Successor Trustee, TIMOTHY FLEURY, shall, ipso facto, serve as the new Trustee. Upon the death of the First Successor Trustee, or if she is unable or unwilling to act then the Second Successor Trustee, ALAN LOBSINGER, shall, ipso facto, serve as the new Trustee. Any inability of a Trustee or Successor Trustee, if any, to act shall be determined by two licensed physicians, in which event that trustee shall be deemed removed.

Additional Trustee provisions are set forth in later Articles of this Trust.

**1.4  *Designation and Clarification of Settlor:***  Settlor, as identified in the Preamble, is the party who established this Trust. A Settlor may also serve as a Trustee and may also be named as a Beneficiary. In order to better understand the terms of this Trust, it should be recognized that the terms "Settlor," "Trustee," and "Beneficiary," when used in the same paragraph, may in fact be the same person.

**1.5  *Designation of Advisors:***  Until notified in writing to the contrary, the following professionals shall have the responsibility for advising Trustees in there area of professional expertise:

**1.5.a    *Attorney Advisor:***  THE ELDER LAW FIRM OF ANDERSON ASSOCIATES, P.C., of Marquette, Michigan, or its successor, for all legal matters. Trustee serving may remove the Attorney Advisor and appoint a replacement.

**1.5.b    *Accounting Advisor:***  KRIS THIBEAULT of Escanaba, Michigan, for maintenance of all books of account, preparation of tax reports and returns, and all other accounting matters.

**1.5.c  *Investment and Financial Advisor:***  ART SPINDLER and ERIK SPINDLER of Escanaba, Michigan, for all investment matters.

**1.6  *Trust Objectives:***  Settlors intend, by establishing this Trust, to accomplish, among others, the following objectives:

**1.6.a.**  Avoid the costs and frustration of Probate;

2

EXHIBIT    "A"

PAGE ___ OF ___

**1.6.b.** Our goal is to primarily support the surviving spouse.

**1.6.c.** Provide for the care and support of the Beneficiaries of this Trust;

**1.6.d.** Provide an effective way to administer assets in the event of the disability of a Beneficiary without resorting to a guardianship proceeding; and

**1.6.e.** Protect the future expectancy of the Secondary Beneficiaries.

**1.7** *Statement of Specific Objectives:* Settlors provide Trustee with this Statement of Specific Objectives to aid and direct the Trustee in the implementation of several of the above Trustee Objectives.

**1.7.a.** *Irresponsible Beneficiary:* It is Settlors' intent that Trustee suspend distributions to such Secondary Beneficiary when there is reason to believe the Beneficiary is unproductive solely because of the benefits available from this Trust.

**1.7.b.** *Divorce, Taxes and Creditors:* It is Settlors' intent that any assets of this Trust which are made available to a Secondary Beneficiary shall not be subject to (1) the divorce claims of the spouse of a Secondary Beneficiary; (2) the claims of any creditor of a Secondary Beneficiary; and (3) any tax liability of a Secondary Beneficiary or of his or her estate.

**1.7.c.** *Anti-addiction and Cult Activity:* It is Settlors' intent that the assets of this Trust shall be withheld from any Secondary Beneficiary of this Trust who has become addicted to alcohol, drugs, or gambling until such Beneficiary has offered proof of abstinence from such addiction. Trust assets shall also be withheld from any Beneficiary who is involved with a cult or religious group that is known to be destructive, isolationist, and/or use mind control techniques over its members. Additional provisions concerning these matters are set forth elsewhere in this Trust.

**1.7.d.** *Remarriage of Primary Beneficiary:* It is Settlors' intent that the assets of this Trust not be subject to the claims of, nor shall said assets be dissipated for the benefit of, a new spouse of a Primary Beneficiary.

**1.7.e.** *Beneficiary Integrity:* It is Settlors' intent that every Beneficiary exhibit integrity and fair mindedness and adopt a cooperative attitude in the division of Trust assets and the administration of the Trust Estate. It is common that in all human endeavors disputes arise. It is important for maintaining long, mutually profitable and satisfying relationships to have disputes settled with a minimum loss of time, money, and aggravation. It is directed that all disputes be settled in a friendly manner of mutual respect and trust so as to avoid costly, lengthy court proceedings.

3

To that end, in the event of a dispute, it is hereby directed that all benefits of this Trust shall be suspended until such time that the disputing Beneficiaries reach a mutual agreement.

## ARTICLE 2
## RIGHTS OF TRUSTEE IN INSURANCE POLICIES

Upon the death of the insured under any policy held by and payable to Trustees, or upon the occurrence of some event prior to the death of either Settlor that matures any such policy, the Trustee, in Trustee's discretion, may either collect the net proceeds and hold them as part of the principal of the Trust Estate, or may exercise any optional available method of settlement and Trustee shall deliver any policies held by Trustee and payable to any other Beneficiaries as those Beneficiaries may direct. Payment to, and the receipt by, Trustee of death proceeds shall be a full discharge of the liability of any insurance company. Trustee need not but may engage in litigation to enforce payment of any policy without indemnification satisfactory to Trustee for any resulting expenses.

## ARTICLE 3
## PROVISIONS DURING LIFETIMES OF SETTLORS

While both Settlors are alive and during the lifetime of the surviving Settlor, Trustee (or Trustees) shall hold, manage, invest and reinvest the Trust Estate (if any requires management and investment) and shall collect the income, if any, therefrom and shall dispose of the net income and principal as follows:

**3.1** *General Directions on Distributions.* Except as provided below, Trustee shall pay to, accumulate or apply for their benefit, the benefit of the surviving Settlor or any Secondary Beneficiary, the net income; when distributions take place, for whatever reason, the surviving spouse may keep the children's share for support to live on. Upon the death of the surviving spouse, the children's shares shall pass to them. Trustee may make transfers of Trust assets, including real property, to any one or more of the designated Secondary Beneficiaries for asset protection purposes. Income includes capital gains.

**3.2** *Life Planning Provisions When a Settlor Needs Assistance.* When a Settlor is in need of assistance with the activities of daily living (ADLs), or the instrumental activities of daily living (IADLs), as those terms are defined in professional usage, then Trustee (or Trustees) shall take the following actions in accordance with Settlor's preference to *age in place* in safety, remain in the least restrictive and safe housing setting, and maintain independence. The surviving spouse can have a caretaker living in the home, if needed, but no one else.

**3.2.a.** *Using Trust Assets to Benefit Settlor in Need of Assistance and Use of Professionals.* Trustee (or Trustees) shall in general use Trust assets to advocate for a Settlor in need of assistance to maintain Settlor in the least restrictive and safe housing setting and with maximum independence as long as practical, and take such action to engage caregivers, nurses, social workers, professional care coordinators, housekeeping,

4

and an elder law firm to advocate for the highest level of health, skilled, and custodial care. Settlor's previously-expressed preferences on living arrangements when care is needed shall be honored as long as they do not endanger Settlor's safety.

**3.2.b.** *Development of a Plan of Care.* Trustee shall take appropriate action to assure that a professionally-developed plan of care is established and monitored, and shall assure that Settlor and Settlor's spouse, if able to express input, has substantial input into the development and monitoring of such plan of care. Trustee is encouraged and authorized to consult with a qualified Elder Law attorney, in reviewing the proposed care plan and how to best monitor and implement it. The plan of care shall minimally provide for Settlor's access to a high level of medical care with emphasis on prevention, education, coordination and advanced therapies and treatments.

**3.2.c.** *Advocacy for Government Benefits.* Without sacrificing quality of care for Settlor or changing Settlors' ultimate estate planning goals, Trustee is authorized to take such legal and ethical measures needed to position and structure the estate to allow Settlor to qualify for any government benefit which can assist with the cost of Settlor's care. Such measures may include, but are not limited to, making transfers to Settlor's agent under financial power of attorney or personal representative under the guidance of an experienced Elder Law attorney.

**3.2.d.** *Family Harmony Provisions.* It is Settlors' direction that the Trustee or Trustees and the Secondary Beneficiares of this Trust cooperate and exhibit mutual respect with each other in the administration of this Trust when assistance needs to be provided to a Settlor. To achieve harmony among these parties, Trustee and/or the attorney advisor is authorized to arrange for conferences and/or mediations among the disputing parties as may be needed and to provide for reasonable disclosure of (i) a Settlor's health and care status and (ii) information about assets and qualification for government benefits, if any.

**3.2.e.** *Clarification of Monetary Claims by Beneficiaries for Services.* Except as may be provided by written contract signed by Settlor(s), it is Settlor's understanding that a Beneficiary providing care services for Settlor does so out of love and affection and that such services are not compensable from trust assets. The purpose of this clarification is to resolve potential conflicts among Beneficiaries. However, the Trustee is authorized to enter into a compensable care contract with any qualified person(s), including any Trust Beneficiary, to care for Settlor when a chronic illness occurs.

## ARTICLE 4
## RIGHTS TO REVOKE OR AMEND TRUST

Except as otherwise provided, until the time when the first Settlor dies, Settlors may (1) amend this Trust, or (2) revoke this Trust or any provision therein. After the death of the first Settlor, this Trust shall become irrevocable, except as provided by Michigan law.

EXHIBIT ___"A"___
PAGE ___ OF ___

## ARTICLE 5
## DISCRETIONARY AUTHORITY TO PAY FUNERAL
## EXPENSES, DEBTS AND TAXES

After the death of either Settlor, Trustee then serving may pay all or any part of the funeral expenses of either Settlor, legally enforceable claims against either Settlor, or their estates, reasonable expenses of administration of the probate estate of either Settlor, any allowances by court order to those dependent upon either Settlor, any estate, inheritance, succession, death or similar taxes payable by reason of the death of either Settlor, together with any interest thereon, without reimbursement from the Personal Representative of either Settlor or from any beneficiary of insurance upon the life of either Settlor. All such payments, except interest, shall be charged generally against the principal of the Trust Estate includable in the estate of either Settlor for Federal estate tax purposes.

Upon the death of either Settlor, the Trustee shall pay to or apply for the surviving Settlor's benefit all of the net income for his/her benefit on no less than a quarterly basis; and he/she shall have the right to reside in the homestead on 6969 L.5 Lane, Escanaba, Michigan. The above rights shall cease when he/she dies or remarries, and the gifts in Paragraph 6.2 shall take effect the secondary beneficiaries. At which time the house shall be sold with half of the net sale proceeds payable to the surviving Settlor, balance to be held in trust and ultimately payable 1/3 each to RENEE DONFRIS, KAREN FLEURY, and NIA DONFRIS.

All funds remaining in checking and savings accounts, and EDWARD PAGE'S Mass Mutual account shall be payable to LILLIAN PAGE should she survive EDWARD PAGE.

Upon the death of LILLIAN J. PAGE if EDWARD J. PAGE survives, Trustee shall set aside the Trust Estate for his benefit. If he remarries, the gifts in Paragraph 6.2 shall take effect for the benefit of the secondary beneficiaries. At which time the house shall be sold with half of the net sale proceeds payable to the surviving Settlor, balance to be held in trust and ultimately payable 1/3 each to RENEE DONFRIS, KAREN FLEURY, and NIA DONFRIS.

## ARTICLE 6
## DISTRIBUTION UPON DEATH

**6.1. *Division of Trust Estate:*** Upon the death of the surviving Settlor, Trustee shall take the following actions:

**6.1.a *Settlement Conference.*** Trustee shall call a Settlement Conference before making any distributions. Trustee shall call the Settlement Conference within a reasonable time, i.e., 21 days after surviving Settlor's death, which shall attempt to

6

include the attendance (in person or conference call) of the Trustee(s), the Attorney Advisor, a CPA or an experienced accountant, Settlor's primary financial advisor, if there is one, and the Primary Beneficiaries. The purpose of the Settlement Conference is to provide clarification of trust settlement so that settlement can be conducted orderly, efficiently, and without conflict. The issues to be discussed will minimally include (1) distributional wishes of Settlor, (2) the role of the Trustee, (3) the role of the financial advisor, if any, (4) the role of the CPA/accountant in assisting with preparation of an accounting and tax preparation, (5) the role of the Attorney Advisor, (6) clarification of tax aspects of settlement, (7) distribution of assets, (8) any need for probate, and (9) compliance with Settlor's desire for harmony among Beneficiaries in the settlement process. If necessary, one or more Settlement Conferences can be called by the Trustee(s).

The Attorney Advisor shall have the right to initiate a mediation process if conflicts develop among the Beneficiaries. Service provided by the Attorney Advisor and CPA/accountant shall be compensated at their normal billing rates.

**6.1.b** *Distribution of Personal Property.* Trustee shall distribute personal property and certain cash gifts as described below in this Article and in accordance with any Schedule of Special Gifts or other list, any Personal Effects Lottery Election and any List of Gifts Subject to Silent Auction a Settlor may have made.

**6.1.c** *Funeral/Burial Arrangements.* Settlor, EDWARD PAGE, designates LILLIAN PAGE as his funeral representative and designates RENEE DONFRIS as the alternate. Settlor, LILLIAN PAGE, designates EDWARD PAGE as her funeral representative and designates KAREN FLEURY as the alternate.

Proceeds from EDWARD PAGE'S life insurance policy shall be used for the expenses of EDWARD PAGE'S funeral, the purchase of a burial plot for both Settlors at the Rapid River Cemetery, and a military headstone for EDWARD PAGE. The balance of the funds from EDWARD PAGE'S life insurance policy shall be set aside for the educational expenses of NIA DONFRIS and administered per Article 7.

Proceeds from LILLIAN PAGE'S life insurance policy shall be used for the expenses of LILLIAN PAGE'S funeral and headstone. The balance of the funds from LILLIAN PAGE'S life insurance policy shall be set aside and used for the educational expenses of NIA DONFRIS and administered per Article 7.

**6.2** *Children's Trust:* Upon the death of the surviving Settlor or upon the remarriage or cohabitation of the surviving Spouse, Trustee shall take the following actions:

**6.2.a** *Homestead on 6969 L.5 Lane, Escanaba, Michigan.* The homestead shall be sold and the net sale proceeds shall be payable 1/3 each to RENEE DONFRIS, KAREN FLEURY, and NIA DONFRIS. RENEE DONFRIS, acting as Successor Trustee, shall consult with ALAN LOBSINGER regarding the sale of the home.

**6.2.b** *Specific Gifts for Grandchildren.*

(1) Specific Acres for Rebecca Fleury and Timothy Fleury. TIMOTHY FLEURY shall have the right to receive one acre of land to the South of Settlors' home and REBECCA FLEURY shall have the right to receive one acre of land to the north of Settlors' home. These gifts shall not interfere with the one acre of land that Settlors' home is located on. Trustee will lay out the one acre of land to both REBECCA FLEURY and TIMOTHY FLEURY. TIMOTHY FLEURY AND REBECCA FLEURY may elect to receive an amount of cash equivalent to their respective one acre gifts. Trustee shall pay for the surveying and two appraisals of each 1-acre parcel from sale proceeds of the home.

(2) Specific Gifts for Nia Donfris. If NIA DONFRIS survives surviving Settlor Trustee shall make the following gifts to her:

- 1/3 of the sales proceeds from the sale of Settlors' home after expenses are paid.
- Balance of EDWARD'S life insurance after payment of 6.1.c. Edward's funeral expenses.

These gifts shall be distributed as per Article 7: NIA DONFRIS' TRUST.

**6.2.b** *Share for Karen Fleury.*

After the one acre gifts of land or their equivalent to REBECCA FLEURY and TIMOTHY FLEURY; KAREN FLEURY shall receive 1/3 of the sale proceeds of Settlors' home after expenses are paid. KAREN FLEURY shall receive 100% of "Page's Dolls" business and assets. KAREN FLEURY shall also receive all of LILLIAN PAGE'S personal property and any real estate owned in LILLIAN PAGE'S own name other than Settlors' residence. If KAREN shall predecease Settlors or later dies, her share shall pass to her children in equal shares.

**6.2.c** *Share for Renee Donfris.*

(1) Homestead. RENEE DONFRIS shall receive the final 1/3 of the sales proceeds from the sale of Settlors' house after all expenses are paid, if living, and in the event RENEE DONFRIS predeceases or dies later, then her share shall be given to NIA DONFRIS, daughter of RENEE DONFRIS. Any share set aside for NIA DONFRIS shall be distributed as per Article 7 below.

(2) Rest and Remainder of Estate. The remaining Trust Estate shall be distributed to RENEE DONFRIS, which may include but not be limited to Settlor's Cadillac. In the event RENEE DONFRIS shall predecease or die later, then the balance of her share shall be given to NIA DONFRIS.

8

Trustee may obtain a separate tax identification number for each Trust share and, except as provided elsewhere in this Trust document, treat each Trust share as a separate tax entity in accordance with proper accounting rules and procedures. Trustee shall abide by any Schedule of Special Gifts in which Settlors have listed specific gifts. All or any portion of the principal and/or income of each Separate Trust share established for a child of Settlor may be distributed by Trustee to a Beneficiary at any time and he or she may withdraw all or any portion of the principal and/or income of his or her share at any time.

**6.3 *Death and Tax Expense of Beneficiary:*** Upon the death of any Beneficiary, Trustee shall pay from the share of that Beneficiary his or her expenses of last illness, funeral and burial together with any inheritance, estate, or other death taxes that may by reason of such death be due upon or in connection with the share of such Beneficiary, unless Trustee determines, in Trustee's sole discretion, that other provisions have been made for the payment of such expenses and taxes.

**6.4 *Disclaimer:*** Any child of Settlors may disclaim, in whole or in part, any property that is to become or has become the vested interest of such child, before such property is distributed to the child. Such disclaimer shall be in writing under any method recognized at law. The property subject to the disclaimer shall then be held or distributed as if said child had died. A written signed copy of the disclaimer shall be mailed or delivered to the Trustee.

## ARTICLE 7
## NIA DONFRIS'S TRUST

**7.1 *Allocation for Grandchildren:*** That portion of this Trust Estate which is allocated by other terms of this Trust to NIA DONFRIS shall be administered as follows:

**7.2 *Interim Distributions of Income and Principal to Grandchildren:*** Trustee shall pay to or apply for the benefit of such grandchild so much of the net income and principal of such share as Trustee, in Trustee's discretion, shall deem necessary or advisable, considering the best interest of the grandchild, for his or her health, education, support or maintenance and any hardship with emphasis on necessities rather than frivolous expenditures. Any amount which Trustee shall determine not to use may be accumulated as income and added to the principal, as Trustee shall deem best.

**7.3 *Final Distribution of Principal:*** Subject to any restrictions contained within this Trust all or any portion of the principal of each Trust share established for a grandchild of Settlors may be distributed by the Trustee to a grandchild after he or she has reached any one or more of the following ages, and he or she may withdraw from the principal of his or her share not to exceed in the aggregate:

**7.3.a.** 1/3 of the value of the share at any one time after the grandchild attains the age of 25 years and until death;

9

**7.3.b.** 1/2 of the value of the share (after deducting any amount distributed or withdrawn at any one time after the grandchild attains the age of 30 years and until death;

**7.3.c.** The balance at any time after the grandchild attains the age of 35 years.

The value of the share shall be determined as of the first exercise of each withdrawal right. Subject to any restrictions contained within this Trust, payments shall be made without question upon the Beneficiary's written request. The right of withdrawal shall be a privilege which may be exercised only voluntarily and shall not include an involuntary exercise. The right of withdrawal may be disclaimed at any time pursuant to paragraph 7.6 (Disclaimer) below.

On the death of such grandchild, the property shall be distributed as provided below in paragraph 7.5 (Distribution on Death of Grandchild).

**7.4** *Administration of Retirement Benefits:* If an IRA or other retirement plan tax-qualified under the Internal Revenue Code is payable to a Beneficiary of the Grandchildren's Trust, the other distribution provisions of Grandchildren's Trust shall not apply, but rather the distribution provisions entitled "Administration of Retirement Benefits" of the Children's Trust set forth above are incorporated herein and shall apply.

**7.5** *Distribution on Death of Grandchild:* If, after the death of the last surviving Settlor there occurs a death of any grandchild, Trustee shall divide his or her Trust share, as then constituted, among his or her living descendants by right of representation or, if there are none, then to Settlors' living descendants by right of representation, and such shares shall be set aside and distributed in the same manner as provided for in Paragraphs 7.3 and 7.4.

**7.6** *Disclaimer by Grandchild:* Any grandchild of Settlors may disclaim, in whole or in part, any property that is to or has become the vested interest of such grandchild, before such property is distributed to the grandchild. Such disclaimer shall be in writing under any method recognized at law. The property subject to the disclaimer shall then be held or distributed in accordance with paragraph 7.5 (Distribution on Death of Grandchild). A written signed copy of the disclaimer shall be mailed or delivered to the Trustee.

## ARTICLE 8
## GENERAL PROVISIONS

**8.1** *Reduction of Beneficiary's Share Due to Outstanding Loans:* If a Beneficiary (the "debtor Beneficiary") owes an outstanding loan which is listed as an asset of this Trust on Schedule A, the current balance of that loan shall reduce the share of the debtor Beneficiary in the following manner. First, the current loan balance shall be added to the total assets prior to division into shares, and then Trustee shall divide this total into the designated shares but shall reduce the share of the debtor Beneficiary by the amount of the outstanding loan. The Trustee shall determine what the current outstanding loan balance is from evidence in the Trust Binder, evidence from the debtor Beneficiary, or any other evidence the Trustee deems appropriate. As an example, assume that Settlor parent has four (4) children. Child 1 owes $4,000 to his parent,

10

EXHIBIT_____ "A"

PAGE ____ OF ___

while the remaining children have no outstanding debts owed to parent. Assume further that the Settlor parent has $40,000 of bank assets in the Trust and the $4,000 loan is listed as an asset in Schedule A. Thus, total assets equal $44,000. Upon death of Settlor parent, the Trustee divides the $44,000 into four (4) equal shares of $11,000 each. The share of Child 1 is reduced from $11,000 to $7,000 to reflect recovery of the $4,000 loan. Therefore, the Trustee distributes the $40,000 of bank assets as follows: $7,000 to Child 1, and the remaining $33,000 to the other three (3) children in equal shares of $11,000 each.

**8.2** *First Option to Purchase In Favor of Beneficiaries:* At the time the Trust Estate is subject to division upon death of Settlor(s), the Trustee shall permit the Secondary Beneficiaries to elect a first option to purchase any Trust asset not designated on the Schedule of Special Gifts at the asset's fair market value. If the asset is real property, then the Trust at its expense shall obtain an appraisal by a licensed real estate appraiser. Trustee shall notify the Secondary Beneficiaries of this first option to purchase and if no Beneficiary elects to purchase the asset within 60 days of such notification, Trustee may sell the asset on the open market to anyone.

More than one Beneficiary may elect to purchase an asset, and the Beneficiary or Beneficiaries electing to purchase may apply their Trust share towards the purchase price. Also, the Beneficiary or Beneficiaries electing to purchase may elect to receive the asset out of Trust or may elect to have the asset set aside in Trust for their benefit. If the latter option is selected, a reserve fund may be set up in the Trust to pay for the expenses necessary to maintain the asset.

**8.3** *In the Event of a Beneficiary's Divorce:* It is the intent of Settlors that the assets of this Trust not be subject to the claims of the spouse of any Secondary Beneficiary of this Trust in the event of a divorce proceeding. If any Secondary Beneficiary is a plaintiff or a defendant in a divorce at any time that principal or income may be payable to such Beneficiary, that principal or income shall not be considered as the property of the named Beneficiary until after the divorce proceeding has ended.

**8.4** *Anti-addiction and Cult Activity:* If Trustee has evidence that any Beneficiary may be addicted to gambling, alcohol, or drugs which are illegal or clearly destructive, Trustee shall notify the Beneficiary of these provisions and Trustee shall require periodic testing of the Beneficiary at an accredited laboratory or professional selected by Trustee, to determine whether the Beneficiary is addicted to one or more of these substances or to gambling. In making Trustee's determination on whether an addiction is illegal or clearly destructive, Trustee shall seek the advice of a physician or a psychologist.

Upon determining that an addiction is illegal or clearly destructive, or if the Beneficiary refuses to cooperate in periodic testing, Trustee shall withhold distributions until receiving proof from periodic testing that the Beneficiary has abstained from the addiction for one year. Trustee may make payments from the Beneficiary's share for (a) periodic testing, (b) the advice of physicians and psychologists and, (c) hospitals, doctors, or other persons or organizations treating or assisting the Beneficiary to recover from the addiction or dependency.

If Trustee has evidence that any Beneficiary may be actively involved in a cult or religious group that is destructive, isolationist, and/or uses mind control techniques over its

EXHIBIT "A"

PAGE 11 OF 34

members, Trustee shall notify the Beneficiary of these provisions and Trustee shall require the Beneficiary to be examined by a mental health care professional of Trustee's selection to determine whether the Beneficiary is actively involved in such a cult. Upon determining that the Beneficiary is actively involved in such a cult, or if Beneficiary refuses to cooperate in an exam, Trustee shall withhold distributions until the Beneficiary has withdrawn from such cult for at least six (6) months. Trustee may make payments from the Beneficiary's share to hospitals, doctors, or other persons or organizations which shall examine Beneficiary or assist Beneficiary in severing his or her association with such cult or group.

The purpose of this provision is to dissuade any Beneficiary of this Trust from gambling, using harmful substances which are addictive, participating in harmful cult-type activity; and to assist the Beneficiary in recovery from any such addiction, dependency, or cult activity. This provision is also intended to prevent the Trust estate, as much as possible, from ever being used to support an addiction, dependency, or cult-type activity that is harmful to the Beneficiary or others.

Trustee may offer any encouragement or assistance needed by the Beneficiaries to avoid losing any benefits from this trust.

**8.5  *No Designated Beneficiaries Surviving:*** If no Designated Beneficiaries survive Settlors, then the Trust Estate shall be equally distributed: 50 percent in equal shares to the legal heirs of EDWARD J. PAGE and 50 percent in equal shares to the legal heirs of LILLIAN J. PAGE as set forth in the Estates and Protected Individuals Code of Michigan or any successor statute.

**8.6  *Specific Gifts of Personal Property Listed:*** Either Settlor may execute from time to time a Personal Effects Election and a Schedule of Special Gifts which shall list specific gifts of personal property to certain beneficiaries. If such a list has been executed, it shall supersede the distribution provisions of this Trust.

**8.7  *Termination of Trust:*** When all shares have been distributed as described above, this Trust shall then terminate and the Trustees shall be discharged.

**8.8  *Rule Against Perpetuities Savings Clause:*** Unless terminated at an earlier date under the foregoing provisions, this Trust shall cease twenty-one (21) years after the death of the last surviving Settlor and all of Settlors' lineal descendants living at the time of execution of this instrument.

**8.9  *Discretionary Authority for Beneficiaries Upon Disability:*** In case the income or principal payment under any trust created hereunder or any share thereof shall become payable to a person under legal disability, or to a person not adjudicated incompetent, but who, by reason of illness or mental or physical disability, is, in the opinion of Trustee unable properly to administer such amounts, then such amounts shall be paid out by Trustee in such of the following ways as Trustee deems best: (a) directly to such beneficiary; (b) the legally appointed guardian of such beneficiary; (c) to some relative or friend for the care, support and education of such beneficiary; (d) by Trustee using such amounts directly for such beneficiary's care, support and education; or (e) to a custodian for the beneficiary under any applicable custodial statute.

12

EXHIBIT ___"A"___
PAGE __12__ or 24

**8.10** *Spendthrift Provision:* Except as otherwise provided herein, all payments of principal and income payable, or to become payable, to the beneficiary of any trust created hereunder shall not be subject to anticipation, assignment, pledge, sale or transfer in any manner, nor shall this Trust be liable for, or subject to, the debts, contracts, obligations, liabilities or torts of any beneficiary.

**8.11** *Termination and Distribution of Small Trust:* If at any time any trust created hereunder has a fair market value as determined by Trustee of Fifteen Thousand Dollars ($15,000.00) or less, Trustee, in its absolute discretion if it determines that it is uneconomical to continue such trust, may terminate such trust and distribute the trust property to the person or persons then entitled to receive or have the benefit of the income therefrom or the legal representative of such person. If there is more than one income beneficiary, Trustee shall make such distribution to such income beneficiaries in the proportion in which they are beneficiaries or, if no proportion is designated, in equal shares to such beneficiaries.

**8.12** *Survivor in a Common Disaster:* In the event that the death of Husband and Wife shall occur as the result of a common disaster, the Wife shall be considered for the purpose of this Trust to have survived the Husband.

**8.13** *Michigan Law Controls and Exemption From Registration:* This trust shall not be subject to the registration requirement imposed by any State and shall be administered free from the active supervision of any court. Trustee is directed to take any and all action, if any, necessary to exempt the Trust from registration. Michigan law shall be applied to interpret this document.

**8.14** *Definitions:* In construing this instrument: "children," "grandchildren" and "issue" mean lawful children, grandchildren and issue born before or after the execution of this Trust, and include legally adopted children, grandchildren and issue, except for individuals who become an issue by virtue of adoption if such individual was so adopted after Settlor attains his/her Required Beginning Date or dies, whichever occurs first, and is older than the oldest Beneficiary of this Trust at said earlier date. A living child or issue includes one who is in gestation and is later born alive. Words which import one gender shall be applied to any gender where appropriate. The singular imports the plural and the plural imports the singular where appropriate. Whenever the word "Trustee" or any modifying or substituted pronoun therefore is used in this Trust, such words and respective pronouns shall be held and taken to include both the singular and the plural, the masculine, feminine and neuter gender thereof, and shall apply equally to Trustee named herein and to any successor or substitute Trustee acting hereunder, and such successor or substitute Trustee shall possess all the rights, powers and duties, authority and responsibility conferred upon Trustee originally named herein.

In construing this instrument: "gross estate," "adjusted gross estate," "taxable estate," "unified credit," "applicable exclusion amount," "state death tax credit," "maximum marital deduction," "marital deduction," "pass," "qualified terminable interest," "qualified terminable interest property," and any other word or words which from the context in which it or they are used refer to the Internal Revenue Code of 1986, as amended, shall be assigned the same

EXHIBIT "A"
PAGE 13 OF 24

meaning as such words have for the purposes of applying the Internal Revenue Code to Settlors' estate. Reference to Sections of the Internal Revenue Code and to the Internal Revenue Code shall refer to the Internal Revenue Code as amended on the date of Settlor's death.

**8.15  *S Corporate Stock:*** If S Corporate stock is held in this Trust when Settlor dies, Trustee shall have the authority to amend this Trust and/or take any action permitted under IRC Section 1362(c)(2) or any successor provision to prevent termination of the subject Corporation's status as an S Corporation.

**8.16  *Lost Beneficiaries:*** In the event the Trustee is unable to locate a Current Trust Beneficiary, the Trustee shall attempt to notify the Beneficiary by taking the following actions if possible:

**8.16.a**  certified letter to the lost Beneficiary's last known address;

**8.16.b**  certified letter to an immediate family member of the lost Beneficiary, who shall include a spouse, parent, an adult child or a sibling; and

**8.16.c**  publish a notice in a newspaper located at the lost Beneficiary's last known address, or if no such address is available, then in a newspaper where the Trustee is located. If Trustee is not aware of the lost Beneficiary's last known address or if Trustee is not aware of any immediate family member's last known address, then these actions need not be taken.

The certified letter or letters and the newspaper notice shall recite the name of the lost Beneficiary, the general nature of the Beneficiary's rights and the name, address and telephone number of the Trustee.

If no response from the lost Beneficiary is received after the expiration of a five (5) month-period commencing on the date of taking any or all of the three notification actions set forth above, then Trustee shall distribute the lost Beneficiary's Trust benefits as if the lost Beneficiary predeceased.

## ARTICLE 9
## TRUSTEES' POWERS

**9.1  *Powers of Trustee:*** The following powers are granted to Trustees and to their successors with respect to any property held under this Trust and without authorization by any court and in addition to any rights, powers, authority and privileges granted by any other provision of this Trust or by Michigan statute or general rules of law:

**9.1.a.**  To sell, transfer, mortgage, invest, exchange, borrow money with or without security, manage, control and in any way use and deal with any and all Trust property, real, personal or intangible, in such manner as the Trustee in Trustee's sole discretion

14


EXHIBIT "A"
PAGE 14 OF 24

may deem best, without any application to court for leave or confirmation unless the same be expressly required by law.

**9.1.b.** To hold any securities or other property in Trustee's own name as Trustee or in the name of a nominee (with or without disclosure of any fiduciary relationship) or in bearer form.

**9.1.c.** To keep a reasonable portion of the Trust Estate in cash and uninvested for the period or periods of time as Trustee may deem advisable, without liability for any loss in income by reason thereof subject to the Prudent Investor Rule contained herein.

**9.1.d.** To sell, transfer, buy or redeem corporate securities, state, municipal, U.S. Treasury or other governmental securities and sell or exercise stock subscription or conversion rights.

**9.1.e.** To refrain from voting or to vote shares of stock owned by the Trust Estate at shareholders' meetings in person or by special, limited, or general proxy and in general to exercise all rights, powers and privileges of an owner in respect to any securities constituting a part of the Trust Estate.

**9.1.f.** To borrow money and to encumber, mortgage or pledge any asset of the Trust Estate for a term within or extending beyond the term of the Trust, in connection with the exercise of any power vested in the Trustee.

**9.1.g** To continue and operate any business owned by the Trust death and to do any and all things deemed needful or appropriate by the Trustee, including the power to incorporate the business and to put additional capital into the business, for such time as Trustee shall deem advisable, without liability for loss resulting from the continuance or operation of the business except for Trustee's own negligence; and to close out, liquidate, or sell the business at such time and upon such terms as Trustee shall deem best.

**9.1.h.** To employ and compensate agents, accountants, investments advisors, brokers, attorneys-in-fact, attorneys-at-law, tax specialists, realtors, and other advisors deemed by the Trustee needful for the proper administration of the Trust Estate.

**9.1.i.** To make payment in cash or in kind, or partly in cash and partly in kind upon any division or distribution of the Trust Estate without regard to the income tax basis of any specific property allocated to any beneficiary and to value and appraise any asset and to distribute such asset in kind at its appraised value.

**9.1.j.** To purchase property, real or personal, from any Beneficiary's probate estate upon such terms and conditions as to price and terms of payment as the Settlor's personal representative or administrator and the Trustee shall agree.

**9.1.k.** To lend money or other assets, provided that an interest bearing Promissory Note is given in return.

15

"A"

15 pc 26

**9.1.l.** To lend funds to any Beneficiary's probate estate upon such terms and conditions as to the interest rates, maturities, and security as the Settlors' personal representative or administrator and the Trustee shall agree, the fact that they may be the same in no way affect the validity of this provision.

**9.1.m.** To permit any Beneficiary or Beneficiaries to occupy rent free any residence constituting a part of the assets of a Trust and to pay the real property taxes thereon, expenses of maintaining said residence in suitable repair and condition and hazard insurance premiums on said residence.

**9.2** *Trustee's Absolute Discretion in Exercise of Power:* No specific powers given in this instrument to the Trustee shall operate to limit or circumscribe the general powers, or any of them, given by this instrument, Trustee being Settlors' intention to confer on the Trustee the broadest, fullest and most complete power and authority; and the Trustee may exercise all such power and authority in such manner, and to such extent, as to Trustee, in Trustee's sole and absolute discretion, shall seem advisable and desirable.

## ARTICLE 10
## OTHER TRUSTEE PROVISIONS

**10.1.** *Prudent Investor Rule:* The Trustee is under a duty to the Beneficiaries to invest and manage the funds of the Trust as a prudent investor would, in light of the purposes, terms distribution requirements, and other circumstances of the Trust.

**10.1.a.** This standard requires the exercise of reasonable care, skill and caution, and is to be applied to investments not in isolation but in the context of the Trust portfolio and as a part of an overall investment strategy, which should incorporate risk and return objectives reasonably suitable to the Trust.

**10.1.b.** In making and implementing investment decisions, the Trustee has a duty to diversify the investments of the Trust unless, under the circumstances, it is prudent not to do so.

**10.1.c.** In addition, the Trustee must:
    (i) conform to fundamental fiduciary duties of loyalty and impartiality;

    (ii) act with prudence in deciding whether and how to delegate authority and in the selection and supervision of agents, and

    (iii) incur only costs that are reasonable in amount and appropriate to the investment responsibilities of the Trusteeship.

**10.2** *Resignation of Trustee:* A Trustee at any time and without leave of Court may resign any trust by written notice addressed to the Settlor or, after Settlors' deaths, to the beneficiaries eligible for the receipt or application of income.

16

EXHIBIT "A"
PAGE 16 OF 24

**10.3** *New Trustee:* Trustee may appoint another Trustee to replace him or her or may delegate certain Trustee functions to another person. If there is no Trustee serving, a competent person(s), or a Bank authorized by law to administer Trusts, may be selected as the new Trustee by the majority decision of the Beneficiaries who have attained the age of majority. If a Beneficiary has not attained the age of majority, then his or her legal guardian shall represent the minor Beneficiary in this decision.

**10.4** *Powers of Successor Trustee:* Successor Trustee shall be vested, without further act on the part of anyone, with all the estate, title, powers, duties, immunities and discretions granted to the predecessor Trustee. The prior Trustee shall, however, execute and deliver such assignments or other instruments as shall be deemed advisable.

**10.5** *Acts of Prior Trustees:* An additional or Successor Trustee shall not be liable for any action taken by Trustee prior to the time such additional or Successor Trustee becomes a Trustee.

**10.6** *Criminal Charges, Convictions or Bankruptcy of Trustee:* Should any individual Trustee be convicted of a felony or file bankruptcy, said Trustee shall be deemed immediately terminated as Trustee as of that date. Should a Trustee be subjected to a charge of committing a felony or to the filing of an involuntary bankruptcy, then all of Trustee's powers as a Trustee shall be suspended until the determination of the proceedings.

**10.7** *When There is More Than One Trustee:* If there is more than one Trustee, the following provisions shall be controlling and take precedence over any other provisions relating to Trustee:

**10.7.a** *Not Applicable to Board of Trustees:* This Paragraph 10.7 shall not apply to a Board of Trustees.

**10.7.b** *Definition:* The use of the term Trustee or Co-Trustee shall be used interchangeably throughout this Trust Agreement and shall mean, for all purposes, the duly authorized Trustees under this Trust.

**10.7.c** *Power of Attorney:* Any one Co-Trustee may give another Co-Trustee of this Trust a general or limited power of attorney to act for him or her as Trustee under this Trust. The use of such a Power of Attorney shall not relieve either Trustee of his liability for breach of any fiduciary duties.

**10.7.d** *Decision-Making:* One Trustee may act and execute documents on behalf of the Trust on an independent basis with the consent of the other Trustee(s). If there are three Co-Trustees, decisions shall be made by majority vote. If there are two Co-Trustees, and they fail to concur or have discomfort with any decision, they shall consult with the Attorney Advisor appointed herein to break a tie.

**10.8** *Trustee's Duty to Pay Expenses and Liabilities:* Trustee shall pay expenses and liabilities in the administration of each trust.

17

EXHIBIT ___ "A"

PAGE 17 OF 24

**10.9** *Trustee's Reasonable Compensation:* Trustee shall be entitled to reasonable compensation for the services rendered and to reimbursement for expenses incurred.

**10.10** *Duty to File Tax Return and Reports:* Trustee shall have sole responsibility for the custody, collection, accounting and remittance of the principal and income of the trust, and for the preparation, execution and filing of tax returns and reports required by the state or federal governments.

**10.11** *Certain Tax Elections:* Certain elections afforded by the Internal Revenue Code of 1986 may be exercised only by the person who is the "executor" within the meaning of the Internal Revenue Code of 1986. Trustee shall exercise those powers enumerated below, which under the applicable provisions of the Internal Revenue Code of 1986 may be exercised only by the executor, only if Trustee is also the executor within the meaning of the Internal Revenue Code of 1986. Subject to the limitation expressed in the preceding sentences, trustee shall have the power to:

**10.11.a** elect to claim expenses or losses as either income or estate tax deductions;

**10.11.b** make, continue or revoke any election to be taxed under Subchapter S of the Internal Revenue Code of 1986 with respect to any securities eligible for such an election;

**10.11.c** elect, to the extent permitted by the Internal Revenue Code, to defer the payment of all or part of Settlors' estate taxes;

**10.11.d** exclude from or include in any Beneficiary's gross estate, any asset, in the first instance, for federal estate tax purposes;

**10.11.e** value all assets, in the first instance, for federal estate tax purposes, using date of death or alternate values as Trustee shall elect;

**10.11.f** elect to value qualified real property at its value for the use under which it qualifies and enter into any agreements required by such election;

**10.11.g** elect to exercise or not to exercise any other option or election afforded by the Internal Revenue Code of 1986.

**10.12** *Compliance with Buy-Sell Agreements:* Trustee is specifically directed to comply with any buy-sell agreements any Beneficiary may have entered into during their lifetimes.

**10.13** *Current Fair Market Value:* Trustee shall, when dividing or distributing any Trust fund, make such divisions or distributions wholly or partly in kind by allotting and transferring specific securities or other personal or real property or undivided interests therein as

18

EXHIBIT "A"

18 of 24

a part of the whole of any one or more shares at the then current fair market values to be determined by a licensed real estate appraiser or other valuation specialist.

**10.14** *Trust Accounting to Beneficiaries*  Upon the death of the first Spouse to die, Trustee shall only be required to make Trust accountings to the surviving Spouse and not to any Secondary Beneficiaries.  Within six (6) months after the death of the surviving Spouse, Trustee shall provide a statement of properties in the trust estate and of receipts and disbursements ("Trust Accounting") to Current Trust Beneficiaries except as otherwise provided.  Thereafter, the Trustee shall provide an annual Trust Accounting to each Current Trust Beneficiary concerning his or her own trust share; and upon the request of a Current Trust Beneficiary, Trustee shall provide a Trust Accounting concerning the trust shares of other Current Trust Beneficiaries, if the Trust has multiple Current Trust Beneficiaries.

19'

EXHIBIT "A"
PAGE 19 OF 24

**IN WITNESS WHEREOF,** the parties hereto have set their hands and seals as Settlors and Trustees on the date and year first above written.

EDWARD J. PAGE
Settlor and Trustee

LILLIAN J. PAGE
Settlor and Trustee

STATE OF MICHIGAN      )
                            ) ss.
COUNTY OF Delta        )

    EDWARD J. PAGE and LILLIAN J. PAGE personally appeared before me this ___ day of _____, 2018, the above named, to me known to be the persons who executed the foregoing instrument and acknowledged the same.

SCOTT J. BROGAN
Notary public, Marquette County, Michigan
My commission expires July 8, 2020
Acting in the County of _____

20

## ATTORNEY'S CERTIFICATE

I certify that I am a licensed practicing attorney with offices at 148 W. Hewitt, Marquette, Michigan, and have written this legal document, and it is my opinion that this document complies with the existing laws and is legally binding according to law. Anyone having any questions about this document, needing any background information concerning this document or desiring any interpretation of this document may contact my law firm.

BROGAN & YONKERS, P.C.

Dated: 1/16/18

By:

Scott J. Brogan

EXHIBIT "A"
PAGE 21 OF 24

Continue

# This document makes ALL others void

### Article 5
### Discretionary Authority to pay Funeral
Expenses, Debts And Taxes

After the death of either Settler, Trustee then serving may pay all or any part of the funeral expenses of either, Settler legally enforced claims against either settler, or their estates, reasonable Expenses of administration of the probate estate of either Settler, any allowances by court order to those dependent upon either Settler, together with any estate, inheritance succession, death or similar taxes payable by reason of death of either Settler, together with any interest there on, without reimbursement from the Personal Reprehensive of either Settler or from any beneficiary of insurance upon the life of either Settler. All such payments, except interest, shall be charged generally against the principal of the Trust Estate includable in the estate of either Settler for Federal estate tax purposes.

Upon the death of either Settler, the Trustee shall pay to or apply for the surviving Settler's benefit all of the net income for his/her benefit on no less than a quartererly basis, and he/she shall have the right to reside in the homestead on 6969 L. 5 Lane, Escanaba, Michigan.

All funds remaining in checking and sqAavings account, and Edward J. Page's Mass Mutual account shall be payable to Lillian Page should she survive Edward J. Page.

Upon the death of Lillian J. Page if Edward J Page survives, Trustee shall set aside the Trust Estate for his benefit.

### Article 6
## DISTRIBUTION UPON DEATH

**6.1. Division of Trust Estate :** Upon the death Of surviving settler, Trustee shall take the following actions. There will be no distribution of shares until Lillian Page and Edward Page have both died.

**6.1.a Settlement Conference.** Trustee shall call a settlement conference before making any distributions. Trustee shall call the Settlement Conference within a reasonable time, i.e. 21 days after surviving Settler's death which shall attempt to

Include the attendance (in person or conference call) of The trustee (s), the Attorney Advisor, a CPA or an experienced account, Settler's Primary financial advisor, if there is one, and the Primary Beneficiaries. The purpose of the Settlement Conference is to provide clarification of the trust settlement so that settlement can be conducted orderly, efficiently, and without conflict. The issues to be discussed will minimally include (1) Distributional wishes of Settler, (2) The Role of the Trustee, (3) the role of the financial advisor, if any (4) the roll of the CPA/ accountant in assisting with preparation of an accounting and tax preparation. (5) the role of the Attorney Advisor, (6) Clarification of tax aspects of settlement, (7) distribution of assets,(8) any need for probate, and (9) compliance with Settlers, desire for harmony among Beneficiaries in the settlement process. (If nessary one or more Settlement conferences can be called by the Trustee(s)

Either,

6

Continue

The Attorney Advisor shall have the right to initiate a mediation process if conflicts develop among the Beneficiaries. Service provided by the Attorney Advisor and CPA/ accountant shall be compensated at their normal billing rates.

6.1.b DISTRIBUTION OF PERSONAL PROPERTY: Trustee shall distribute personal property and certain cash gifts as described below in this Article and in accordance with any Schedule of special Gifts or other list, any Personal effects Lottery Election and any Lists of gifts Subject to Silent Auction a Settler may have made. All of following are to take place to take place after the death both Edward and Lillian Page.

6.1.c FUNERAL /BURIAL ARRANGEMENTS: Settler, Edward Page, designates Lillian Page as his funeral representative and designates Renee Donfris as the alternate. Settler, Lillian Page designates Edward Page as her funeral representative and Karen Fleury as alternate.

PROCEEDS FROM EDWARD PAGE'S: life insurance policy shall be used for the expenses of Edward Page's funeral, the purchase of a burial plot for both Settlers at the Rapid River cemetery, and a military headstone for Edward Page. The balance of the funds from Edward Page's life insurance shall be set aside for the education of Nia Donfris and Administered per Article 7.

PROCEEDS FROM LILLIAN PAGE'S: life insurance policy shall be used for the expenses of Lillian Page's funeral and headstone. The balance of the funds from Lillian Page's life insurance policy shall be set aside and used for the education expenses of Nia Donfris and administered per Article 7.

6.2 Children's Trust: Upon the death of the serving Settler Trustee (Tim Fleury) shall take the following actions.

6.2.a HOMESTEAD: Homestead on 6969 L.8 Lane Escanaba, Michigan. Upon the death of surviving settler, The homestead shall be sold 1/3 each to Karen Fleury, Renee Donfris and Nia Donfris.

Upon the death of surviving settler TIMOTHY FLOURY acting as Successor Trustee, Shall consult with ALAN LOBSINGER Regarding the sale of the home.

Either,

6

EXHIBIT
Page 23 of 44

Continue

## 6.2.b SPECIFIC GIFTS FOR GRANDCHILDREN

**(1) SPECIFIC ACRES FOR REBECCA FLOURY AND TIMOTHY FLOURY.** TIMOTHY FLOURY SHALL RECEIVE ONE ACRE OF LAND TO THE SOUTH OF SETTLER'S HOME and REBECCA FLOURY SHALL HAVE THE RIGHT TO RECEIVE ONE ACRE OF LAND TO THE NORTH OF SETTLER'S HOME These gifts shall not interfere with the one acre of land that Settler's home is located on. Trustee Tim Floury will lay out The one acre of land the Settler's Home is located on 6969 L.5 Lane Escanaba Michigan. TIMOTHY FLOURY (TRUSTEE) Will lay out one acre OF LAND FOR BOTH REBECCA AND TIMOTHY FLOURY. THEY MAY ELECT TO RECEIVE AN AMOUNT OF CASH EQUIVALENT TO THEIR RESPECTIVE ONE ACRE gifts.

**TRUSTEE:** Shall pay for the surveying and two appraisals of each 1 acre parcel from sale of the home.

## (2) Specific GIFTS FOR NIA DONFRIS:
If Nia Donfris survives, surviving Settler, Tim Floury Trustee shall make the following gifts to the said Nia Donfris. The Balance of Edward Page's life Insurance, after payment of Edward's funeral expenses. 6.1.c These gifts shall be distributed only after both Edward and Lillian Page have died, as per Article 7.

## 6.2.b SHARE FOR KAREN FLOURY:
After the one acre of gifts of land or their equivalent To Rebecca and Tim Floury: Karen Floury shall receive also 100% of " Pages Dolls" business and assets. Karen shall receive of Lillian's personal property and any real estate owned in Lillian Page's own name other than Settler's resident. IF Karen shall predecease Settlors or later dies, her share, shall pass to her children in equal shares.

## 6.2. c SHARE FOR RENEE DONFRIS:

**(1) Homestead :** Renee Donfris shall receive the final 1/3 of the sale proceeds From the sale of settler's home, After all expenses are paid, If living, and in the event Renee Donfris predeceases or dies later, Then her share shall be given to Nia Donfris, daughter of Renee Donfris, Any share set aside for Nia shall be distributed as per Article 7

**(2) REST AND REMAINDER OF ESTATE:**
The remaining Trust Estate shall be distributed to Renee Donfris and Karen Floury which may include but not be limited to Settler's Cadillac. In the event Renee Donfris shall predecease or die later, then the balance of her share shall be given to Nia Donfris. In the event Karen Floury shall predecease or die later, then the balance of her share be given to Timothy Floury and Rebecca Floury.

*Provided Michigan Drivers License on this day, April 8TH 2018 in county of Delta, State of Michigan*

Edward Page

Lillian Page

Either.

6

SARA R. COLE
NOTARY PUBLIC - MICHIGAN
DELTA COUNTY
MY COMMISSION EXPIRES 03/12/2024
ACTING IN DELTA COUNTY

EXHIBIT "A"

24 of 24

## REVOCATION OF PAGE FAMILY TRUST

**THIS REVOCATION** is made this _31st_ day of May, 2019, by **Edward J. Page** and **Lillian J. Page**, husband and wife, being the Settlors and initial Trustees of the Page Family Trust.

## PRELIMINARY RECITALS

**WHEREAS,** the parties established the Page Family Trust under an original trust document dated September 2, 1997, and thereafter amended or restated the trust on May 1, 1999, February 1, 2002, December 14, 2006, December 1, 2009, February 21, 2011, June 18, 2013, December 1, 2015, August 1, 2016, and January 1, 2018, said documents having been prepared by The Elder Law Firm of Anderson Associate, PC, of Marquette, Michigan, and its successor, Brogan and Yonkers, PC, of Marquette, Michigan, and

**WHEREAS,** the parties hereto prepared and signed their own three page amendment to the trust on April 6, 2018, and

**WHEREAS,** the parties desire to revoke said trust and to re-acquire possession and title of trust assets, including real estate, funds resulting from mortgage financing, and ownership of life insurance policies on the lives of Edward J. Page and Lillian J. Page.

**NOW, THEREFORE, IN CONSIDERATION** of the mutual promises and covenants set forth below, the parties agree as follows:

1.      As the Settlors and sole Trustees, the parties hereby revoke, cancel and terminate the Page Family Trust, in its entirety, subject only to the winding up of all trust affairs and the conveyance of trust assets to the Settlors. Thereafter, the effective date of this revocation shall be the date hereof.

2.      The parties, acting as Trustees, shall forthwith convey to themselves the trust real estate situated in Wells Township, Delta County, Michigan, and described as follows:

The Southeast Quarter of the Southwest Quarter (SE ¼ of SW ¼), except the South 880 feet thereof, all in Section 3, Township 39 North, Range 23 West.

3.      The parties hereby demand from Renee Donfris, the daughter of Edward J. Page, any and all funds in her possession as a result of the mortgage financing in December, 2016, together with an accounting of all funds she has disbursed or expended. She shall forthwith surrender all such funds and tender her accounting to Edward and Lillian Page.

4.      The parties hereby demand from Renee Donfris that she convey any and all right, title, interest and claim she may have in and to the real estate described above in paragraph 2, whether her claim is individual or as an alleged trustee of the Page Family Trust. She shall forthwith execute and tender to Edward and Lillian Page a Quit-Claim Deed for said real estate.

5.      The parties hereby demand from Renee Donfris that she convey to Edward J. Page and Lillian J. Page, as appropriate, any ownership she may have or claim to have in the life insurance policies on their respective lives. She shall forthwith surrender all insurance documents and records to Edward and Lillian Page.

EXHIBIT "B"
PAGE 1 OF 12

**IN WITNESS WHEREOF,** the parties have executed this revocation the day and year first above written.

Signed in presence of:

_Robert B. LeMire, Jr._
Robert E. LeMire, Jr.

_Edward A. Page_
Edward J. Page. Settlor/Trustee

_Betty J. LeMire_
Betty J. LeMire

_Lillian J. Page_
Lillian J. Page, Settlor/Trustee

STATE OF MICHIGAN
        ss
COUNTY OF DELTA

On this _31st_ day of May, 2019, before me, a Notary Public, personally appeared Edward J. Page and Lillian J. Page, the Settlors and Trustees described in the foregoing two page revocation (this being the second page thereof), who each signed said revocation in my presence and respectively acknowledged the same to be their free act and deed.

_Betty J. LeMire_
Betty J. LeMire, Notary Public
State of Michigan, County of Delta
My commission expires: 5/12/2023
Acting in the County of Delta

Prepared by:
Robert E. LeMire, Jr.
LeMIRE LAW OFFICE
1100 Ludington Street, Suite301
P.O. Box 505
Escanaba, Michigan 49829
(906) 786-1393

EXHIBIT "B"

PAGE 2 OF 2

RECORDED 11 Feb 2003
AT 12:18 O'CLOCK PM
LIBER 690 PAGE 750
Nancy G. Dolich
DELTA COUNTY REG. OF DEEDS

## QUIT-CLAIM DEED

The Grantors, EDWARD J. PAGE and LILLIAN J. PAGE, husband and wife, whose address is 6969 L.5 Lane, Escanaba, MI 49829, Quit-claim to THE PAGE FAMILY TRUST, dated September 2, 1997, Trustee being EDWARD J. PAGE, or successor, of 6969 L.5 Lane, Escanaba, MI 49829, the following described premises situated in the Township of Wells, County of Delta, and State of Michigan:

The Southeast Quarter of the Southwest Quarter EXCEPT the South 880 feet, Section Three (3), Township Thirty-nine (39) North, Range Twenty-three (23) West.

This property may be located in the vicinity of farmland or farm operation. Generally accepted agricultural and management practices which may generate noise, dust, odors, and other associated conditions may be used and are protected by the Michigan Right to Farm Act.

This deed is exempt from state real estate transfer taxation under the provisions of §7.456(5)(a) and (26)(a) M.S.A. In addition this transaction is not a transfer under §27a of Act 415 of the Public Acts of 1994 (MCL §211.27a(6) - commonly known as Proposal A because it constitutes a conveyance to a Trust in which the Grantors are also Beneficiaries pursuant to MCL §211.27a(7)(f).

for the sum of NO ACTUAL CONSIDERATION

Dated this 27th day of January, 2003.

Signed by:

Edward J. Page
EDWARD J. PAGE

Lillian J. Page
LILLIAN J. PAGE

STATE OF MICHIGAN )
                  ) ss.
COUNTY OF DELTA   )

The foregoing instrument was acknowledged before me this 27th day of January, 2003, by EDWARD J. PAGE and LILLIAN J. PAGE.

Ruth E. Chouinard
Ruth E. Chouinard, Notary Public
Delta County, Michigan
My commission expires: March 10, 2004

Drafted by and When Recorded Return to:      Send Subsequent Tax Bills To:
Robert C. Anderson                           Edward & Lillian Page
148 W. Hewitt                                6969 L.5 Lane
Marquette, MI 49855                          Escanaba, MI 49829
Drafter has not examined title to property.

Tax Parcel # _____    Recording Fee _____    Transfer Tax _____    EXHIBIT "C"

LIBER 0690 PAGE 750                                                       PAGE 1 OF 1



NANCY J. PRZEWROCKI
DELTA COUNTY REGISTER OF DEEDS
08/23/2019 1:08:08 PM

## QUIT-CLAIM DEED

**THIS INDENTURE,** made this _9/st_ day of May, 2019, between **Edward J. Page** and **Lillian J. Page**, as Settlors and Trustees of the Page Family Trust under document initially dated September 2, 1997, and last restated on January 1, 2018, whose address is 6969 L.5 Lane, Escanaba, Michigan 49829, the Grantors, and **Edward J. Page** and **Lillian J. Page**, husband and wife, as tenants by the entirety, of 6969 L.5 Lane, Escanaba, Michigan 49829, the Grantees.

For consideration less than $100.00, Grantors **CONVEY AND QUIT-CLAIM** to Grantees the following land situated in Wells Township, Delta County, Michigan:

The Southeast Quarter of the Southwest Quarter (SE ¼ of SW ¼), except the South 880 feet thereof, all in Section 3, Township 39 North, Range 23 West.

Property No. 21-14-053-024-10

**TO HAVE AND TO HOLD** said premises unto Grantees, their assigns, their survivor, and his or her heirs and assigns, **FOREVER.**

Grantors grant to Grantees the right to make all permissible divisions of this property under Section 108 of the Michigan Land Division Act, Act No. 288 of the Public Acts of 1967 [MCLA 560.109(3)]. However, Grantors do not represent or warrant that any future divisions will be available.

This property may be located within the vicinity of farmland or a farm operation. Generally accepted agricultural and management practices which may generate noise, dust, odors, and other associated conditions may be used and are protected by the Michigan Right to Farm Act [MCLA 560.109(4)].

This deed is given in connection with the revocation of the Page Family Trust for the purpose of conveying all right, title and interest in and to the above described real estate to the Grantees, free of Trust.

**Exempt** from county and state transfer taxes pursuant to MCLA 207.505(a) and MCLA 207.526(a).

**IN WITNESS WHEREOF,** Grantors have signed this deed the day and year first above written.

_Edward J. Page_
Edward J. Page

EXHIBIT "D"

PAGE 1 OF 2    -1-

LIBER 1244    PAGE 681

_Lillian J. Page_
Lillian J. Page

STATE OF MICHIGAN

             ss

COUNTY OF DELTA

    On this _31 st_ day of May, 2019, before me, a Notary Public, personally appeared Edward J. Page and Lillian J. Page, the Grantors, who each in my presence signed the foregoing two page Quit-Claim Deed (this being the second page thereof) and respectively acknowledged said execution to be their free act and deed.

_Betty J. LeMire_
Betty J. LeMire, Notary Public
State of Michigan, County of Delta
My commission expires: 05/12/2023
Acting in the County of Delta

When recorded return to:  LeMIRE LAW OFFICE

Send subsequent tax bills to:  Edward and Lillian Page
                                6969 L.5 Lane
                                Escanaba, MI 49829

Prepared by:
Robert E. LeMire, Jr.
LeMIRE LAW OFFICE
1100 Ludington Street, Suite 301
P.O. Box 505
Escanaba, Michigan  49829
(906) 786-1393



LIBER 1244    PAGE 682

EXHIBIT ___"D"___

PAGE __2__ OF __5__

NANCY J. KOLICH
DELTA COUNTY REGISTER OF DEEDS
RECORDED
12/29/2016 10:06:21 AM

## QUIT CLAIM DEED



#6247-9093-3823713

**KNOW ALL MEN BY THESE PRESENTS:** That, Edward J. Page and Lillian J. Page and Renee Donfris, Trustees of the Page Family Trust, dated September 2, 1997, who acquired title as The Page Family Trust, dated September 2, 1997, Trustee being Edward J. Page, or successor, whose address is 6969 L 5 Lane, Escanaba, Michigan 49829,

Quit Claims to Edward J. Page and Lillian J. Page and Renee Donfris Trustees of the Page Family Trust dated September 2, 1997, whose address is 6969 L 5 Lane, Escanaba, Michigan 49829.

The following described premises situated in the Township of ~~Escanaba~~ WELLS in the County of Delta and State of Michigan

THE SOUTHEAST QUARTER OF THE SOUTHWEST QUARTER EXCEPT THE SOUTH 880 FEET, SECTION THREE (3), TOWNSHIP THIRTY-NINE (39) NORTH, RANGE TWENTY-THREE (23) WEST.

More commonly known as 6969 L 5 Lane, Escanaba, Michigan 49829
Tax Parcel No. 211405302410

For the sum of: $1.00 (One and 00/100 dollars)
Exempt under MCL 207.526(a); MCL 207.505(a)

Dated: _12-12-16_

_Edward J. Page Trustee_
Edward J. Page, Trustee of the Page
Family Trust, dated September 2, 1997

_Lillian J. Page trustee_
Lillian J. Page, Trustee of the Page Family Trust,
dated September 2, 1997

Renee Donfris, Trustee of the Page Family Trust,
dated September 2, 1997

STATE OF _Michigan_

COUNTY OF _Delta_

The foregoing instrument was acknowledged before me this _12_ day of _December_, 20 _16_ by Edward J. Page and Lillian J. Page and Renee Donfris, Trustees of the Page Family Trust, dated September 2, 1997.

_Victoria H. Swanson_

Notary Public,
Acting in _Delta *_        County, _Menominee_
                                County, _Michigan_
My Commission Expires: _6/30/2017_
* _Victoria F. Swanson_
Drafted by:

VICTORIA F. SWANSON
Notary Public, State of Michigan
County of Menominee
My Commission Expires 06-30-2017
Acting in the County of _Delta_

RR Michigan LLC – Deed Preparation Dept.
Ryan Rosett
1250 Kirts Blvd. Suite 100, Troy, MI 48084

When recorded return to:        Title Source, Inc., Recording Dept.
                                662 Woodward Avenue, Detroit, MI 48226

LIBER 1175    PAGE 498        "E"

1 of 3

**QUIT CLAIM DEED**

**KNOW ALL MEN BY THESE PRESENTS:** That, Edward J. Page and Lillian J. Page and Renee Donfris, Trustees of the Page Family Trust, dated September 2, 1997, who acquired title as The Page Family Trust, dated September 2, 1997, Trustee being Edward J. Page, or successor, whose address is 6969 L 5 Lane, Escanaba, Michigan 49829.

Quit Claims to Edward J. Page and Lillian J. Page and Renee Donfris Trustees of the Page Family Trust dated September 2, 1997, whose address is 6969 L 5 Lane, Escanaba, Michigan 49829.

The following described premises situated in the Township of ~~Escanaba~~ *Wells* in the County of Delta and State of Michigan

THE SOUTHEAST QUARTER OF THE SOUTHWEST QUARTER EXCEPT THE SOUTH 880 FEET, SECTION THREE (3), TOWNSHIP THIRTY-NINE (39) NORTH, RANGE TWENTY-THREE (23) WEST.

More commonly known as 6969 L 5 Lane, Escanaba, Michigan 49829
Tax Parcel No. 211405302410

For the sum of: $1.00 (One and 00/100 dollars)
Exempt under MCL 207.526(a); MCL 207.505(a)

Dated: _12/12/16_

_____
Edward J. Page, Trustee of the Page
Family Trust, dated September 2, 1997

_____
Lillian J. Page, Trustee of the Page Family Trust,
dated September 2, 1997

_____
Renee Donfris, Trustee of the Page Family Trust,
dated September 2, 1997

STATE OF _Illinois_

COUNTY OF _Will_

The foregoing instrument was acknowledged before me this _12_ day of _December_, 20_16_ by Edward J. Page and ~~Lillian J. Page and~~ Renee Donfris, *Trustee* Trustees of the Page Family Trust, dated September 2, 1997.

_Tina M. Rettig_

Notary Public, _Will_ County, _Will_
Acting in _Will Illinois_ County, _Will_
My Commission Expires:
* _Tina M. Rattling_

OFFICIAL SEAL
TINA M RETTIG
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 4/18/2017

Drafted by:       RR Michigan LLC – Deed Preparation Dept.
                  Ryan Rosett
                  1250 Kirts Blvd. Suite 100, Troy, MI 48084

When recorded return to:   Title Source, Inc., Recording Dept.
                           662 Woodward Avenue, Detroit, MI 48226

LIBER 1175    PAGE 499

EXHIBIT "E"

2 of 3

EXHIBIT A - LEGAL DESCRIPTION

Tax Id Number(s): 211405302410

Land Situated In the Township of Escanaba *wells* In the County of Delta In the State of MI

THE SOUTHEAST QUARTER OF THE SOUTHWEST QUARTER EXCEPT THE SOUTH 880 FEET, SECTION THREE (3), TOWNSHIP THIRTY-NINE (39) NORTH, RANGE TWENTY-THREE (23) WEST.

THE PROPERTY ADDRESS AND TAX PARCEL IDENTIFICATION NUMBER LISTED ARE PROVIDED SOLELY FOR INFORMATIONAL PURPOSES.

Commonly known as:   6969 L.5 Ln , Escanaba, MI 49829-9321

LIBER **1175**    PAGE **500**

EXHIBIT "E"
3 of 3

## LeMIRE LAW OFFICE

ATTORNEYS AND COUNSELORS AT LAW

**LUDINGTON CENTRE, SUITE 301**

**1100 LUDINGTON STREET**

P. O. BOX 505

ESCANABA, MICHIGAN 49829

Phone (906) 786-1393

FAX (906) 786-1395

E-mail: rlemire@lemirelaw.com

ROBERT E. LeMIRE, JR.

ROBERT E. LeMIRE
1914 - 1985

May 10, 2019

Renee Donfris
10509 O'Connell Avenue
Mokena, ILL 60448

Re: Page Family Trust

Dear Ms. Donfris:

I represent your father and his wife, Edward and Lillian Page. I have been retained for the purpose of revoking the Page Family Trust and reclaiming their assets, including real estate, mortgage loan proceeds, and life insurance policies. To that end, I have reviewed the last restated trust document dated January 1, 2018, and have examined the real estate records on file in the Register of Deeds office.

You did not create the trust. You are not the trust settlor. You are not a trustee of the trust. You never were either. You have no legal role or authority with respect to the Page Family Trust. Therefore, I demand that you immediately surrender to your father all trust assets in your possession or under your control, including the current balance of the mortgage loan proceeds, together with an accounting for all loan proceeds expended or disbursed by you since the loan was obtained in December, 2016.

Additionally, there are life insurance policies on your father's and step-mother's lives which must be turned over to them. They are the insureds, and they should have possession of all policy documents and be the designated owners. If you or any other individual is listed as the owner of either policy, the policies must be transferred to your father and step-mother, as appropriate.

To clear the real estate title, I am enclosing a Quit-Claim Deed for your execution and return to my office. Your signature must be notarized by a notary public. For your convenience in returning the executed deed to me, I am enclosing a pre-addressed, stamped envelope. All documents, records and funds requested herein should be forwarded to my office. I will expect your compliance with this letter no later than May 30, 2019. If you want to discuss these matters, feel free to call me.

Sincerely yours,

LeMIRE LAW OFFICE

Robert E. LeMire, Jr.

RELj/bl
encls.
copy: Edward and Lillian Page

EXHIBIT "E"

PAGE 1 OF 3

# QUIT-CLAIM DEED

**THIS INDENTURE,** made this _____ day of May, 2019, between **Renee Donfris**, a woman of lawful age, of 10509 O'Connell Avenue, Mokena, Illinois 60448, the Grantor, and **Edward J. Page** and **Lillian J. Page,** husband and wife, as tenants by the entirety, of 6969 L.5 Lane, Escanaba, Michigan 49829, the Grantees.

For consideration less than $100.00, Grantor **CONVEYS AND QUIT-CLAIMS** to Grantees the following land situated in Wells Township, Delta County, Michigan:

The Southeast Quarter of the Southwest Quarter (SE ¼ of SW ¼ ), except the South 880 feet thereof, all in Section 3, Township 39 North, Range 23 West.

Property No. 21-14-053-024-10

**TO HAVE AND TO HOLD** said premises unto Grantees, their assigns, their survivor, and his or her heirs and assigns, **FOREVER.**

Grantor grants to Grantees the right to make all permissible divisions of this property under Section 108 of the Michigan Land Division Act, Act No. 288 of the Public Acts of 1967 [MCLA  560.109(3)]. However, Grantor does not represent or warrant that any future divisions will be available.

This property may be located within the vicinity of farmland or a farm operation. Generally accepted agricultural and management practices which may generate noise, dust, odors, and other associated conditions may be used and are protected by the Michigan Right to Farm Act [MCLA 560.109(4)].

It is the intent and purpose of this deed to convey all right, title, interest and claim of the Grantor in and to the above described property, individually or as an alleged trustee of the Page Family Trust.

Exempt from county and state transfer taxes pursuant to MCLA 207.505(a) and MCLA 207.526(a).

**IN WITNESS WHEREOF,** Grantor has signed this deed the day and year first above written.

_____
Renee Donfris

EXHIBIT ___"F"___

PAGE  2 OF 3

STATE OF ILLINOIS

ss

COUNTY OF WILL

On this _____ day of May, 2019, before me, a Notary Public, personally appeared Renee Donfris, the Grantor, who in my presence signed the foregoing two page Quit-Claim Deed (this being the second page thereof) and acknowledged said execution to be her free act and deed.

_____
Notary Public
State of Illinois, County of Will
My commission expires: _____
Acting in the County of Will

When recorded return to:  LeMIRE LAW OFFICE

Send subsequent tax bills to:  Edward and Lillian Page
6969 L.5 Lane
Escanaba, MI 49829

Prepared by:
Robert E. LeMire, Jr.
LeMIRE LAW OFFICE
1100 Ludington Street, Suite 301
P.O. Box 505
Escanaba, Michigan  49829
(906) 786-1393

EXHIBIT ___ "F"

# LeMIRE LAW OFFICE
### ATTORNEYS AND COUNSELORS AT LAW
## LUDINGTON CENTRE, SUITE 301
### 1100 LUDINGTON STREET
### P. O. BOX 505
### ESCANABA, MICHIGAN 49829
Phone (906) 786-1393
FAX (906) 786-1395
E-mail: rlemire@lemirelaw.com

ROBERT E. LeMIRE, JR.

ROBERT E. LeMIRÉ
1914 - 1985

June 14, 2019

Renee Donfris
10509 O'Connell Avenue
Mokena, ILL 60448

Re:  Page Family Trust

Dear Ms. Donfris:

Following our telephone conversation on June 2nd, I met with your father and Lillian to discuss your comments. Your concerns are appreciated, but I must ask you to comply with their request to return trust property to them. Be advised that the trust has been terminated effective as of May 31, 2019, subject only to the winding up of trust affairs and the conveyance of trust property back to them.  A copy of the trust revocation is enclosed. To complete the revocation, you must do several things.

First, I am enclosing another copy of the Quit-Claim Deed for your execution in the presence of a notary public. Please return the fully executed deed to my office using the pre-addressed, stamped envelope I previously forwarded to you.

Second, please forward to my office the balance of the mortgage funds in your possession, together with an accounting of the funds you have expended. A bank check should be made payable to "LeMire Client's Trust Account". You may reference the check "For Edward and Lillian Page".

Third, ownership of their life insurance policies should be re-conveyed to them. You must obtain transfer forms from each company, Massachusetts Mutual for your father and Time Insurance for Lillian. Complete, sign and date those forms and forward to my office. I will deal with the insurance companies.

I ask that you immediately forward to me the executed deed, the balance of mortgage funds and the accounting of your expenditures. Please work on the transfer of ownership of the insurance policies as soon as possible, but don't hold up the deed, the funds and the accounting. I look forward to your response by return mail. Don't delay.

Sincerely yours,

LeMIRE LAW OFFICE

Robert E. LeMire, Jr.

RELj/bl
encls.
copy: Edward and Lillian Page

EXHIBIT " G "

# QUIT-CLAIM DEED

**THIS INDENTURE**, made this _____ day of June, 2019, between **Renee Donfris**, a woman of lawful age, of 10509 O'Connell Avenue, Mokena, Illinois 60448, the Grantor, and **Edward J. Page** and **Lillian J. Page**, husband and wife, as tenants by the entirety, of 6969 L.5 Lane, Escanaba, Michigan 49829, the Grantees.

For consideration less than $100.00, Grantor **CONVEYS AND QUIT-CLAIMS** to Grantees the following land situated in Wells Township, Delta County, Michigan:

The Southeast Quarter of the Southwest Quarter (SE ¼ of SW ¼), except the South 880 feet thereof, all in Section 3, Township 39 North, Range 23 West.

Property No. 21-14-053-024-10

**TO HAVE AND TO HOLD** said premises unto Grantees, their assigns, their survivor, and his or her heirs and assigns, **FOREVER**.

Grantor grants to Grantees the right to make all permissible divisions of this property under Section 108 of the Michigan Land Division Act, Act No. 288 of the Public Acts of 1967 [MCLA 560.109(3)]. However, Grantor does not represent or warrant that any future divisions will be available.

This property may be located within the vicinity of farmland or a farm operation. Generally accepted agricultural and management practices which may generate noise, dust, odors, and other associated conditions may be used and are protected by the Michigan Right to Farm Act [MCLA 560.109(4)].

It is the intent and purpose of this deed to convey all right, title, interest and claim of the Grantor in and to the above described property, individually or as an alleged trustee of the Page Family Trust.

Exempt from county and state transfer taxes pursuant to MCLA 207.505(a) and MCLA 207.526(a).

**IN WITNESS WHEREOF**, Grantor has signed this deed the day and year first above written.

_____
Renee Donfris

EXHIBIT "G"

PAGE 2 OF 3

STATE OF ILLINOIS

COUNTY OF WILL                    ss

    On this _____ day of June, 2019, before me, a Notary Public, personally appeared Renee Donfris, the Grantor, who in my presence signed the foregoing two page Quit-Claim Deed (this being the second page thereof) and acknowledged said execution to be her free act and deed.


                                          _____
                                                          Notary Public
                State of Illinois, County of Will
                My commission expires: _____
                Acting in the County of Will


When recorded return to:  LeMIRE LAW OFFICE

Send subsequent tax bills to:  Edward and Lillian Page
                                  6969 L.5 Lane
                                  Escanaba, MI 49829


Prepared by:
Robert E. LeMire, Jr.
LeMIRE LAW OFFICE
1100 Ludington Street, Suite 301
P.O. Box 505
Escanaba, Michigan  49829
(906) 786-1393

EXHIBIT____"G"

PAGE 3 OF 3

# LeMIRE LAW OFFICE

### ATTORNEYS AND COUNSELORS AT LAW

**LUDINGTON CENTRE, SUITE 301**

1100 LUDINGTON STREET

P. O. BOX 505

ESCANABA, MICHIGAN 49829

Phone (906) 786-1393

FAX (906) 786-1395

E-mail: rlemire@lemirelaw.com

ROBERT E. LeMIRE, JR.

ROBERT E. LeMIRE
1914 - 1985

July 23, 2019

Renee Donfris
10509 O'Connell Avenue
Mokena, ILL 60448

Re: Page Family Trust

Dear Ms. Donfris:

Ed, Lillian and I have met to one last time to discuss their next course of action in light of your refusal to comply with their demands as expressed in my last letter dated June 14, 2019. For your information, a copy of that letter is enclosed herewith.

You have 10 days from the date of this letter to fully comply as directed in my letter. Failure to do so will result in a lawsuit against you in the Circuit Court for Delta County, Michigan. This court has jurisdiction over real estate situated in Delta County, as well as over the trust situated here.

You have no sustainable defense or basis for refusing to comply with Ed's and Lillian's demands. Under applicable Michigan law and court rules, a party to litigation is entitled to sanctions when the opposing party raises unfounded claims or defenses. Those sanctions include reasonable attorney fees for the prevailing party. We have a clear record of attempting to resolve this matter amicably with you. I am confident that we will prevail against you and that sanctions will be awarded.

If you comply within the next 10 days as I have requested, this matter can be resolved amicably. There will be no litigation and no sanctions. On the other hand, your failure to respond within 10 days will result in litigation. I await your response.

Sincerely yours,

LeMIRE LAW OFFICE

Robert E. LeMIRE, Jr.

RELj/bl
encls.
copy: Edward and Lillian Page

EXHIBIT "H"

# LeMIRE LAW OFFICE
### ATTORNEYS AND COUNSELORS AT LAW
## LUDINGTON CENTRE, SUITE 301
### 1100 LUDINGTON STREET
P. O. BOX 505
### ESCANABA, MICHIGAN 49829
Phone (906) 786-1393
FAX (906) 786-1395
E-mail: rlemire@lemirelaw.com

ROBERT E. LeMIRE, JR.

ROBERT E. LeMIRÉ
1914 - 1985

June 14, 2019

Renee Donfris
10509 O'Connell Avenue
Mokena, ILL 60448

Re: Page Family Trust

Dear Ms. Donfris:

Following our telephone conversation on June 2nd, I met with your father and Lillian to discuss your comments. Your concerns are appreciated, but I must ask you to comply with their request to return trust property to them. Be advised that the trust has been terminated effective as of May 31, 2019, subject only to the winding up of trust affairs and the conveyance of trust property back to them. A copy of the trust revocation is enclosed. To complete the revocation, you must do several things.

First, I am enclosing another copy of the Quit-Claim Deed for your execution in the presence of a notary public. Please return the fully executed deed to my office using the pre-addressed, stamped envelope I previously forwarded to you.

Second, please forward to my office the balance of the mortgage funds in your possession, together with an accounting of the funds you have expended. A bank check should be made payable to "LeMire Client's Trust Account". You may reference the check "For Edward and Lillian Page".

Third, ownership of their life insurance policies should be re-conveyed to them. You must obtain transfer forms from each company, Massachusetts Mutual for your father and Time Insurance for Lillian. Complete, sign and date those forms and forward to my office. I will deal with the insurance companies.

I ask that you immediately forward to me the executed deed, the balance of mortgage funds and the accounting of your expenditures. Please work on the transfer of ownership of the insurance policies as soon as possible, but don't hold up the deed, the funds and the accounting. I look forward to your response by return mail. Don't delay.

Sincerely yours,

LeMIRE LAW OFFICE

Robert E. LeMire, Jr.

RELj/bl
encls.
copy: Edward and Lillian Page

EXHIBIT "H"
PAGE 2 OF 2