# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF DELTA

EDWARD J. PAGE and LILLIAN
J. PAGE, Husband and Wife,

    Plaintiffs,

vs.

RENEE DONFRIS,

    Defendant.

Case No. 19-24289-CH
Hon. John B. Economopoulos

---

| | |
|---|---|
| Robert E. LeMire, Jr. (P16548)<br>LeMire Law Office<br>Attorney for Plaintiffs<br>1100 Ludington Street, Suite 301<br>P.O. Box 505<br>Escanaba, MI 49829<br>(906) 786-1393 | Jessica A. Bray (P58972)<br>Katherine J. Clark (P76897)<br>Bray, Cameron, Larrabee & Clark, P.C.<br>Attorneys for Defendant<br>225 Ludington Street<br>Escanaba, MI 49829<br>(906) 786-3902 |

---

## DEFENDANT'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

NOW COMES Defendant RENEE DONFRIS by and through her attorneys, Jessica A. Bray and Katherine J. Clark, of the law firm of Bray, Cameron, Larrabee & Clark, P.C., and in response to the complaint filed herein, states as follows:

1. The allegations of this paragraph are admitted.

2. The allegations of this paragraph are admitted.

3. Defendant admits that Exhibit A is a trust apparently created on September 2, 1997, and then restated on January 16, 2018, with additional information from April 6, 2018, as laid out in Exhibit A. Defendant denies that there is a cause of

action based on the trust. Defendant neither admits nor denies the remaining allegations of paragraph 3 because she is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4. Defendant admits that Exhibit A indicates that Plaintiffs were the trust settlors and the trustees throughout the terms of the trust. Defendant is without information as to whether the trust was revoked or terminated and leaves Plaintiffs to their proofs.

5. Defendant admits that Exhibit B appears to be a revocation of the trust dated May 31, 2019.

6. Defendant admits that Exhibit C appears to be a Quit Claim Deed dated January 27, 2003, putting the Plaintiffs' home into the trust. Defendant leaves Plaintiffs to their proofs for the remainder of the allegations of paragraph 6 because she lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

7. Defendant admits that paragraph 7 is the legal description cited in the Quit Claim Deed of Exhibit C and D.

8. Defendant admits that Exhibit D appears to be a Quit Claim Deed conveying the property from the trust to the Plaintiffs as tenants by the entirety. Defendant leaves Plaintiffs to their proofs for the remainder of the allegations of paragraph 8 because she lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

9. The allegations of paragraph 9 are denied for the reason that they are untrue, including subparts a., b., c. The proof of the allegations being untrue will be shown through the Defendant Renee Donfris' testimony. Defendant did not manage ownership of life insurance policies, but she does have possession of them. She also was given $50,000.00 to assist with paying the Plaintiffs' bills.

10. Defendant admits that she has ownership of life insurance policies regarding the Plaintiffs. Whether Plaintiffs have inquired or know about those policies is unknown to the Defendant and Plaintiffs are left to their proofs because she lacks knowledge or information sufficient to form a belief as to the truth of the allegation. Defendant continues to pay on Plaintiff Edward J. Page's life insurance policy.

11. The allegations of paragraph 11 are denied for the reason that they are untrue. It is believed Plaintiffs refinanced for $140,000.00. Plaintiffs kept roughly $13,000.00 and put $50,000.00 in an account with Defendant's name on it. Defendant admits Plaintiffs make the monthly mortgage payment.

12. Defendant knows there was a mortgage but is uncertain as to who handled said mortgage. The remaining allegations in paragraph 12 are denied for the reason that they are untrue. Defendant had nothing to do with the loan. The proof of the allegations being untrue will be shown through the Defendant Renee Donfris' testimony. The loan was initiated and completed by the Plaintiffs and then the Plaintiffs

put $50,000.00 into an account with the Defendant's name on it. Defendant then made payments for the Plaintiffs with that money.

13. Defendant admits Exhibit E is a Quit-Claim Deed. Defendant admits the allegations of paragraph 13.

14. Defendant admits the allegations of paragraph 14 because she was unrepresented at the time and unable to contact Plaintiffs' attorney.

15. Defendant admits she has not signed a deed prepared by Plaintiffs' attorney because she was unrepresented at the time and unable to contact Plaintiffs' attorney. Defendant denies she has a personal interest in said real estate.

16. Defendant admits the allegations of paragraph 16.

17. The proceeds of the $50,000.00 were set up to make payments for the Plaintiffs' bills. The money has been and continues to be used for bills for the Plaintiffs. The ownership of the money is Defendants and there is no reason to return any money. An accounting will be supplied upon request from Plaintiffs' attorney.

18. The allegations of paragraph 18 are denied for the reason that they are untrue. With regard to the Plaintiffs' beliefs, the Defendant can neither admit nor deny because she is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18. The proof of the allegations being untrue will be shown through the Defendant Renee Donfris' testimony. The life insurance policies are ownership policies and belong to the Defendant. The money is in

an account with the Defendant's name on it as set up by the Plaintiffs. Said money was used for the benefit of the Plaintiffs.

19.   Defendant admits she does not have any personal enforceable interest in the real estate. The only interest was as a trustee. The allegations of paragraph 19 are denied for the reason that they are untrue. The Defendant is owner and beneficiary of the life insurance policies and she was and is making payments for the Plaintiffs with the $50,000.00 proceeds put into an account with her name on it. The proof of the allegations being untrue will be shown through the Defendant Renee Donfris' testimony and accounting documentation when requested by Plaintiffs' attorney.

20.   Defendant admits that she did receive letters dated May 10, 2019; June 14, 2019; and July 23, 2019; Exhibits F, G and H. Defendant denies the remaining allegations of attempted cooperation and attempted contact for the reason that those allegations are untrue. Defendant attempted to call Plaintiffs' attorney approximately seven times (a log of the calls will be presented upon request) and was unable to reach him and, therefore, the remainder of the allegations will be proven through Defendant's testimony.

21.   Defendant denies the allegations of paragraph 21 for the reason that they are untrue. Renee Donfris has attempted to contact Plaintiffs' attorney seven times by telephone and she will testify to prove that matter and turn over call logs.

22. Defendant denies the allegations of paragraph 22 because the subject matter is unknown and a cause of action for this court has not been pled. It is possible this matter belongs in Probate Court.

23. The allegations of paragraph 23 are denied for the reason that they are untrue. Defendant Renee Donfris will testify as to the reasons they are untrue and Defendant's attorneys will prove that the Plaintiffs' allegations are in themselves unfounded and, therefore, the Plaintiffs are not entitled to sanctions or any attorneys fees. The Defendant tried to reach Plaintiffs' attorney and Plaintiffs repeatedly without success. Plaintiff was then served with this Complaint and will now work through her attorneys.

24. Defendant admits only having to comply with court rules and with the Michigan law and statutes. Defendant denies the remaining allegations of paragraph 24 as Plaintiffs are not entitled to any sanctions or fees.

WHEREFORE, Defendant RENEE DONFRIS requests the following relief:

1. That this complaint be dismissed as frivolous.

2. That this complaint be dismissed for failure to state a claim pursuant to MCR 2.116(C)(8).

3. That judgment by this Court be rendered in Defendant's favor with prejudice and with costs awarded to her for her attorneys' fees.

Dated: December 13, 2019.

BRAY, CAMERON, LARRABEE & CLARK, P.C.

By: *Jessica A. Bray* /s/
Jessica A. Bray

By: *Katherine J. Clark* /s/
Katherine J. Clark

Attorneys for Plaintiff
225 Ludington Street
Escanaba, MI 49829
Telephone: (906) 786-3902

## AFFIRMATIVE DEFENSES

NOW COMES Defendant RENEE DONFRIS, by and through her attorneys, Jessica A. Bray and Katherine J. Clark, of the law firm of Bray, Cameron, Larrabee & Clark, P.C., and for her Affirmative Defenses, states as follows:

1. Plaintiffs have failed to state a claim upon which relief may be granted and Defendant is entitled to judgment of no cause for action as a matter of law. MCR 2.116(C)(8).

2. There is no genuine issue of material fact and Defendant is entitled to judgment as a matter of law. MCR 2.116(C)(10).

3. Defendant denies any negligence or undue influence on her behalf whatsoever.

4. If Plaintiffs suffered any damage as alleged, such damage was caused by the intervening acts or omissions of parties other than Defendant.

5. Defendant reserves the right to add to or amend her affirmative defenses as discovery proceeds.

WHEREFORE, Defendant RENEE DONFRIS respectfully requests this Honorable Court to enter its judgment of no cause for action upon trial in this matter together with costs and fees as permitted by law.

Dated: December 13, 2019.

BRAY, CAMERON, LARRABEE
& CLARK, P.C.

By: *Jessica A. Bray*
Jessica A. Bray

By: *Katherine J. Clark*
Katherine J. Clark

**Attorneys for Plaintiff**
225 Ludington Street
Escanaba, MI 49829
Telephone: (906) 786-3902